GEORGE O. SIMONDS, APPELLANT, *v.* SOUDIE M. SIMONDS, RESPONDENT.

*Alimony in an action for divorce — second application therefor without any change of circumstances, improper.*

In an action for divorce on the ground of adultery, in which an application has been made for an allowance of alimony and denied, it is improper to make a second application for such allowance where no change of circumstances has arisen since the decision of the first motion.

APPEAL by the plaintiff George O. Simonds from an order, entered in the office of the clerk of the county of Washington on the 5th day of March, 1890, granting the application of the defendant for alimony and counsel fees, after a hearing at a Special Term held at Fonda, Montgomery county, on the 25th day of February, 1890.

*John S. Warren,* for the appellant.

*Edgar Hull,* for the respondent.

LEARNED, P. J.:

This is an action for divorce on the ground of adultery. The defendant denies the adultery and also alleges adultery on plaintiff's part. The defendant made a motion, December 3, 1889, for alimony and counsel fees. The motion was denied, with leave to renew. The learned justice (Judge PUTNAM) wrote an opinion explaining his reasons.

In pursuance of such leave the defendant made a second motion of the same kind before the same justice, January 7, 1890. Numerous affidavits were used on each side. The learned justice wrote another opinion. He denied the motion for alimony, but granted the allowance of $150 for defendant's expenses in conducting the action and her defense. Thereupon, the defendant gave notice February

13, 1890, for another motion to be heard the twenty-fifth of February, to require plaintiff to pay her fifteen dollars per week for support of herself and her child, and for an additional sum of $250 to procure evidence and witnesses and counsel in the action. That motion was heard before Justice FISH. Numerous affidavits were again read on each side. The learned justice in his opinion states that the sum of $150, theretofore allowed, will fall short of the necessities of the case. An order was made that plaintiff pay an additional sum of $250 for counsel, and for the failure so to do that his complaint be struck out; that he also pay $100 in thirty days for the support of defendant's child and twenty-five dollars per month thereafter. And the question of the allowance of alimony was reserved for further consideration.

It is evident that no change of circumstances had arisen, since the decision of the second motion, which materially affected the rights of the parties. This third motion was practically an appeal from the decision of Justice PUTNAM. He had determined the amount deemed necessary for counsel fee and expenses, and he had denied the motion for alimony. His order, though dated the seventh, was entered the twentieth of January. It was not proper, therefore, for the defendant, in the short time of two weeks thereafter, to renew this motion, at least without showing that some new circumstances had arisen.

The place of trial is in Washington county. The first and second motions were made in Saratoga; the third in Fonda. It would seem as if the defendant was unwilling to renew her application before the same justice who had heard the first and second motions. The reason given in defendant's affidavit on this last motion why she renews it is that, as alleged, the plaintiff's affidavit used on the second application is so full of falsehood that she believes the court was misled. That alleged falsity must have been known on the hearing of the second application. The defendant could then have asked leave to have the motion stand over, that she might serve other affidavits, and that request would undoubtedly have been granted. But she proceeded with her motion and she retains the benefit of the allowance then granted, and by this third motion seeks to increase it. Of course, when circumstances change, it may be proper for the court to make new orders in respect to alimony and

allowances. But this rule does not imply that the party dissatisfied with the discretion exercised by one judge may apply to another to exercise his discretion on what are substantially the same circumstances; as a buyer might go to another shop to get for the same money an article which he liked better.

We have examined the affidavits used on all of these motions. They are contradictory, and evidently some of them are false. It is not best for us to comment on them. It is enough to say that the right in the court to make and modify from time to time such orders as these (Code, 1769) does not justify the defendant in the practice followed in this case. The order of Justice PUTNAM had denied the matter both as to allowances and as to alimony. The defendant could have reviewed it on appeal. But an appeal does not lie to another Special Term. If it did, the plaintiff might now move before Justice PUTNAM to reduce the allowance and alimony granted by Justice FISH.

The order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

LANDON and MAYHAM, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.