RACY MILLER, Appellant, *v.* FLOYD J. MILLER, Respondent.

First Department, February 6, 1925.

**Husband and wife — divorce — action not defended — evidence shows that defendant and woman not his wife registered at hotel as man and wife and were found in room partially disrobed — error to dismiss complaint on ground that acts of defendant and companion were as consistent with innocence as guilt.**

It was error for the trial court to dismiss the complaint in an undefended divorce action by a wife, on the ground that the acts of the husband and his woman companion were as consistent with innocence as with guilt, since the evidence shows that the defendant and the woman not his wife registered at a hotel as man and wife and later in the evening of the day on which they registered were discovered in a room of the hotel partially disrobed.

APPEAL by the plaintiff, Racy Miller, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1924, dismissing the complaint at the close of the plaintiff's case in an undefended action for absolute divorce.

*Franklyn M. Silverstein,* for the appellant.

No appearance for the respondent.

MARTIN, J.:

The plaintiff brought an action for an absolute divorce, and in support of the allegations of the complaint offered the testimony of several witnesses. Alexander McMann testified that he became acquainted with the defendant on January 23, 1924; that he identified defendant from a picture received from the attorney for the plaintiff; that on Saturday, January 26, 1924, he shadowed the defendant from his home on Ninety-sixth street. At about eight o'clock the defendant came out of No. 231 West Ninety-sixth street, walked over to the United Cigar store on the corner, and met a woman with whom defendant had been seen by the witness on two other occasions; that they walked to Ninety-fourth street and Broadway and entered the Monterey Hotel and the witness saw the defendant at the desk of the hotel; that defendant and the woman then disappeared in the hotel; that after waiting about twenty minutes, McMann asked the clerk if Mr. Miller was registered there and the clerk said, " Mr. Miller and his wife? " that the witness responded, " Yes," whereupon the clerk said, " They are in room 511; " that the witness then said, " All right," the clerk saying, " Do you want to talk with them? " and the witness replying, " No, I will wait for him." McMann then

walked away from the desk. He telephoned to Mrs. Miller and told her that he had her husband located in the hotel and that she should send a witness there. In a short time her brother, Richard Glucksman, joined McMann. After ten o'clock they went up in the elevator to room 511 and rang the door bell. Mr. Miller asked, " Who is that? " and McMann responded, " The bellhop." The defendant then opened the door and the detective said, " Are you Mr. Miller? " The defendant said, " Yes," and the witness asked, " Is this your wife here? " The defendant replied, " No, why? " and the witness said, " That is all, sir," after which McMann turned around and walked out into the hall.

In response to questions by the court he said that he had seen the man to whom he had talked in the doorway every day for three days prior to that Saturday and that he was the man in the photograph. This witness then testified that the defendant and the woman with him occupied one room, room 511; that there was in it a bed and washstand and a dresser; that defendant had his coat, vest, collar and tie off and was in his shirt sleeves; that the woman in the room had her shoes off; that she was in her stocking feet and had her outer dress off, and that the woman was not Mrs. Miller, the plaintiff in this action.

William O. Chubbuck testified that he was connected with the Monterey Hotel at Ninety-fourth street and Broadway, and he produced the register of January 26, 1924, upon which appeared the registration of Mr. and Mrs. Miller.

Richard Glucksman testified that he was plaintiff's brother; that he knew the defendant; that he was familiar with the defendant's handwriting. The witness then examined the hotel register and identified the signature, " Mr. and Mrs. Miller," therein, as being in the handwriting of the defendant. The witness said that he knew the first witness, having just met him that evening; that his sister told him to meet a man at Ninety-fourth street and Broadway; and that is the first time that he had met him. The witness then identified the photograph as that of the defendant. He testified that he and McMann went into the hotel and walked to the elevator, went up to room 511; that they knocked on the door and somebody inside said, " Who is there? " that Mr. McMann walked in, and, as the door was half way open, the witness got half way in; Mr. McMann then said, " Mr. Miller, is this your wife? " and the defendant looked around and answered, " No," the witness then saying, " A fine predicament to be in," and then walking out with McMann. This witness further stated that he saw a lady sitting in the room with no shoes on, that her dress was off, and that the defendant had on his shirt but no collar,

no vest and no coat; that there was a bottle of whisky on the table, and also a glass there; and that the woman in the room was not the plaintiff and was unknown to the witness.

The allegations of the complaint were established if the evidence in this case was true. There is nothing to indicate that it was untrue, or that the trial justice dismissed the complaint because of his belief that the testimony was untrue. He placed the dismissal on the ground that the acts were as consistent with innocence as guilt. Such a conclusion is not compatible with the acts of these parties.

The order should be reversed, with ten dollars costs and disbursements, and judgment should be entered in favor of the plaintiff.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and judgment directed to be entered in favor of plaintiff.