S. MORTIMER HALL, Respondent, v. FRANK HUBBARD, Appellant, and Others, Defendants.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

CARL HARTMAN, Appellant, v. OTIS ELEVATOR COMPANY, Respondent.— Judgment affirmed, with costs. No opinion. Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents.

JULIA V. HENDERSON, Respondent, v. MABEL MORAN and Others, Defendants, Impleaded with ERA ELECTRICAL SUPPLY CORPORATION, Appellant.— Order denying motion to intervene as a party defendant reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to appellant to answer within twenty days from the entry of the order herein. Appellant seeks to intervene as a party defendant in a foreclosure action upon the ground that subsequent to the filing of the *lis pendens* it docketed a judgment which became a lien subject to that of the mortgage lien against the premises sought to be foreclosed. Under such circumstances, appellant was a person interested in the real property which may be affected by the judgment in the foreclosure action. Under subdivision 3 of section 193 of the Civil Practice Act the court below had no discretion. It was bound to permit appellant to intervene. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

JACOBY HIRSCH, Respondent, v. SCHWARTZ & COHEN, INC., and Others, Defendants, Impleaded with HIGHWAY IMPPOVEMENT AND REPAIR COMPANY, INC., Appellant.— Judgment reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. The Court of Appeals in reversing the judgment entered after a prior trial of this case (256 N. Y. 7) held that this defendant could be held liable only if the jury found that the condition of the street resulting from the building of the ramp was dangerous, and, in that event, it was under a duty to guard it, enlarge or make it safe only in the event that it " had reached the place in the progress of its work or had assumed control of the location for repair." No proof was adduced that the condition of the ramp was dangerous. To the contrary, the court charged that there was no proof that the ramp as constructed " was not the customary ramp, or did not conform with the general method of erecting such ramps." As to whether or not the appellant had reached the place in the progress of its work and had assumed control of the location, the evidence presented a question of fact for determination by the jury. The court in its charge did not define the defendant's liability, if any. Its refusal to charge as requested at folio 505 was error, compelling a reversal. Hagarty, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote to affirm.