SOPHIE BARON, Respondent, *v.* SAMUEL BARON, Appellant.

First Department, October 29, 1937.

294

*Samuel Sweetbaum*, for the appellant.

*Charles Benowitz*, for the respondent.

O'MALLEY, J.   The chief question presented is the propriety of a direction by the trial justice that the jury answer in the negative a framed issue on defendant's counterclaim for divorce as to whether the plaintiff had committed adultery in the Hotel Taft on November 22, 1934.

On the afternoon of the day in question at about four-thirty P. M., the defendant, accompanied by his two brothers and several private detectives, went to the hotel and gained admission to the room where the plaintiff and the alleged corespondent were admittedly present.   Defendant's two brothers testified that the plaintiff was reclining on the bed with her dress above her knees.   She had no coat or hat on.   The alleged corespondent was dressed only in his trousers and undershirt and shoes and stockings.   His belt was open.

From the hotel records it was shown that this room had been rented at four-five P. M., and that in the ordinary course of events it would be occupied within five minutes.

On this state of the record we are of opinion that the defendant had established a *prima facie* case.   The plaintiff herself took the stand and her attorney made no motion either for the direction of a verdict or for a dismissal at the close of the entire case.   He thereby conceded that there was a question of fact for the jury.

(*Hirsch* v. *Schwartz & Cohn*, 256 N. Y. 7, 11; *Atkinson* v. *Sanders*, 250 id. 170, 172.)

The plaintiff made general denial of any wrongdoing. In explanation of her presence she gave testimony tending to show that she had been " tricked " into going to the room by the alleged corespondent. She further testified that immediately after entering the room he said it was necessary for him to shave, and began to partly undress in preparation. She thereupon attempted to leave the room and as she opened the door she was met by the " raiding " party.

It appears that immediately after the raid one Ryan, the house detective employed by the Hotel Taft, interrogated the plaintiff and the alleged corespondent and made a report to the hotel authorities.

We are of opinion that it was error for the trial justice to receive the testimony of the house detective as to what had been told him by the alleged corespondent to the effect that he was employed by the detective agency which had been engaged by the defendant to obtain evidence against the plaintiff. These statements made by the alleged corespondent were not made in the presence of the defendant. His connection with the detective agency employed by the defendant was not sufficiently shown to justify his statements being used against the defendant. While in the light of this testimony there may have been cause for the trial justice to become incensed, he should not have received this incompetent evidence. The alleged typewritten report made by the house detective, even if it had been properly shown to have been made by him, was likewise not admissible. For these reasons we are of the opinion that it was error for the trial justice to take the case from the jury, and that a new trial must be ordered.

As a necessary consequence it follows that the order granting plaintiff's motion for leave to serve a supplemental complaint in her action for separation herein setting forth the incidents here in question as an added ground for separation for cruel and inhuman treatment must likewise be reversed.

While the affidavit on which an additional allowance of $100 counsel fee was made was that of the attorney merely, and while it relates largely to past services, it should be, we think, sustained. From the nature of this counterclaim of the defendant there undoubtedly was extra work other than that contemplated by the original allowance, particularly when this appeal itself is taken into consideration.

It follows, therefore, that the order denying defendant's motion to set aside the directed verdict and for a new trial should be

reversed and said motion granted; the order granting plaintiff leave to serve a supplemental complaint should be reversed and said motion denied; and the order granting an additional counsel fee should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order denying defendant's motion to set aside the directed verdict and for a new trial unanimously reversed and said motion granted; the order granting plaintiff leave to serve a supplemental complaint reversed and said motion denied; and the order granting an additional counsel fee affirmed.