ABNER J. EVANNS and Others, Plaintiffs, *v.* HARTFORD N. GUNN, as Supervisor, and GEORGE C. WALLINGFORD and Others, as Councilmen, Together Comprising the Town Board of the Town of North Hempstead, Defendants.*

Supreme Court, Trial Term, Nassau County, November 29, 1940.

*Rudolph Greenwald,* for the plaintiffs.

*James L. Dowsey,* for the defendants.

FROESSEL, J. Plaintiffs, owners of certain premises located on the northwest corner of Plandome road and Colonial parkway, Manhasset, an unincorporated area in Nassau county, N. Y., by this action for a declaratory judgment, challenge the constitutionality of a resolution adopted on October 28, 1929, amending the zoning map of the town of North Hempstead, whereby the character of the zone in which part of said premises are situated was changed from a business "B" zone to a residence "A" zone. On April 29, 1929, the town of North Hempstead originally adopted

* Affd., 262 ADD. DIV. 865.

a zoning ordinance and a zoning map, affecting the unincorporated areas of the town. Said map restricted to business use all of the west side of Plandome road from Northern boulevard to and including plaintiffs' property, a distance of about seven blocks; and all of the east side, from Northern boulevard to Webster avenue, a distance of about eight blocks. On the petition of a number of residents residing on Colonial parkway and adjoining plaintiffs' property, the town board amended the original zoning map six months later, as aforesaid. Plaintiffs' parcel is the only one on Plandome road whose zoning status was changed.

Plandome road is the main thoroughfare through Manhasset. Plaintiffs' property is located on the border of the village of Plandome Heights, and is thus the only property on the west side of Plandome road from Northern boulevard to the village of Plandome Heights that is zoned for residence use. Its Plandome road frontage is 259.40 feet; its depth on Colonial parkway is 200 feet. On the other side of the street Plandome road is also zoned for business from Northern boulevard to a point opposite most of plaintiffs' property. Nearly all of the area zoned for business on both sides of Plandome road is actually used as such. Across the way from plaintiffs' property is a restaurant and night club, a parking space, and a gas station.

Upon all the facts and circumstances presented by the record before me, it seems to me that the case of *Dowsey* v. *Village of Kensington* (257 N. Y. 221) is clearly applicable here. As was said in that case, among other things: " Certainly an ordinance is unreasonable which restricts property upon the boundary of the village to a use for which the property is not adapted, and thereby destroys the greater part of its value in order that the beauty of the village as a whole may be enhanced. In such case the owner of the property cannot be required to ask as a special privilege for a variation of the restriction. The restriction itself constitutes an invasion of his property rights." (See, also, Smith on Zoning Law and Practice, § 168, pp. 292, 293; *Matter of Eaton* v. *Sweeny*, 257 N. Y. 176, 183; *Cordts* v. *Hutton Co.*, 146 Misc. 10; affd., 241 App. Div. 648; affd., 266 N. Y. 399.)

The defendants contend that if the ordinance was reasonable when amended in October, 1929, change of circumstances since may not be considered. I am not in accord with this contention. In my opinion, when the zoning ordinance was amended so as to take only plaintiffs' property out of the business zone and place it in the residence zone, notwithstanding the fact that the premises across the way were left zoned for business, as well as other circumstances presented by the record, such amendment constituted an

invasion of property rights. Moreover, a subsequent change in conditions may invalidate an ordinance or statute validly enacted. " The police power is subject to the constitutional limitation that it may not be exerted arbitrarily or unreasonably." ( *Nashville, Chattanooga & St. Louis Railway* v. *Walters*, 294 U. S. 405, 415.)

Chief Justice HUGHES in *Abie State Bank* v. *Bryan* (282 U. S. 765, 776) stated the rule even more broadly: " The principle that a police regulation, valid when adopted, may become invalid because in its operation it has proved to be confiscatory, carries with it the recognition of the fact that earlier compliance with the regulation does not forfeit the right of protest when the regulation becomes intolerable. And we perceive no basis for a different rule because the regulation was extolled while being obeyed."

In the light of the foregoing views, I am constrained to grant judgment in favor of the plaintiffs, without costs.