JAMES BERGEN, Respondent, v. FORTIS CONTRACTING Co., INC., et al., Respondents-Appellants; E. W. FOLEY, INC., Appellant, and B. T. & J. J. MACK, INC., Appellant-Respondent.— Action to recover damages for personal injuries alleged to have been sustained by tripping over a plank protruding from a temporary wooden covering constituting part of a highway. Defendant E. W. Foley, Inc., contractor with defendant City of New York, subcontracted part of the work to defendant B. T. & J. J. Mack, Inc., which, in turn, engaged defendant Fortis Contracting Co., Inc., to take up and relay trolley tracks. During the course of this work defendant Fortis Contracting Co., Inc., laid the wooden covering. Each of defendants appeals from judgment for plaintiff against it, and each of defendants, other than defendant City of New York, appeals from judgment over for defendant City of New York against it. Defendant E. W. Foley, Inc., appeals from dismissal of its cross complaint against defendants B. T. & J. J. Mack, Inc., and Fortis Contracting Co., Inc., and defendant B. T. & J. J. Mack, Inc., appeals from dismissal of its cross complaint against defendant Fortis Contracting Co., Inc. On appeals by defendants other than the City of New York, the judgment, insofar as it is in favor of the plaintiff and against said defendants, and insofar as it is in favor of defendant City of New York and against said defendants, is reversed on the law and the facts, without costs, and the complaint, and the cross complaint of defendant City of New York against said defendants are dismissed on the law, without costs. In view of the foregoing determination the appeals of defendants E. W. Foley, Inc., and B. T. & J. J. Mack, Inc., from that part of the judgment which dismisses their respective cross complaints are dismissed, without costs. On appeal by defendant City of New York, the judgment, insofar as it is in favor of plaintiff and against said defendant, is reversed on the facts and a new trial granted, with costs to abide the event. Plaintiff affirmatively proved that by order of defendant City of New York the work was discontinued in May, 1944, and that it was not resumed until September, 1944, although traffic was permitted to proceed over the area at the time of the alleged happening of the accident on July 29, 1944. There is no contention that when it was first laid there was anything wrong with the temporary covering. There was no showing by plaintiff or by defendant City of New York that anyone of the remaining three defendants was obligated to maintain the covering during the discontinuance of the work. (Cf. *Weis* v. *Long Island R. R. Co.,* 262 N. Y. 352; *Hirsch* v. *Schwartz & Cohn,* 256 N. Y. 7.) The findings implicit in the verdict of the jury with respect to the nature and location of the claimed defect and to injuries sustained by plaintiff are against the weight of the credible evidence. Present — Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ.