RUTH H. SCOTT, Respondent, *v.* CHARLES F. SCOTT, Appellant.

Fourth Department, April 29, 1959.

*Lacy, Katzen & Greene* (*Herbert W. Lacy* of counsel), for appellant.

*Sidney B. Pfeifer* for respondent.

*Per Curiam.* In this separation action plaintiff applied for an allowance of temporary alimony and for counsel fees, and on July 10, 1958, Special Term allowed the sum of $100 a week for support and maintenance and $500 for counsel fees.

The order contained the following somewhat unusual provision: "ORDERED that counsel for either or both of the parties shall have the privilege of applying to the court for further consideration of the amount of alimony and counsel fees herein awarded." There was before the court, upon the granting of such allowances, an affidavit of the plaintiff relating to defendant's business activities, earnings and financial worth, in which she estimated his worth as $250,000 and his income to be at least $25,000 per annum. The defendant submitted affidavits substantially controverting plaintiff's claims. Thus, the questions of earnings, financial worth and ability to pay temporary allowances were fully before the court for consideration. The answer, containing a counterclaim, had been served prior to the argument.

On August 5, 1958, about one month after the original order, plaintiff moved before a different Special Term Justice " for further consideration by the Court of the amount of alimony and of counsel fees hitherto awarded to the plaintiff herein, and for an order increasing the amount of said alimony and said counsel fees hitherto directed ". It will be noticed that this was not an application for an order of modification of the prior order as is contemplated in section 1169 of the Civil Practice Act, which permits the court to " make and modify " such orders. In the affidavits to support this latter application, the counterclaim was mentioned and in relation thereto, the inconsistent statements were made that the counterclaim does not state facts sufficient to constitute a cause of action and that it would be necessary for plaintiff to move to dismiss, and, on the other hand, that a substantial additional expenditure of time and effort would be involved in interviewing witnesses to produce at trial to controvert it. It is admitted that the counterclaim was before the court and in the possession of the plaintiff's counsel at the time of the argument of the original motion. It was also stated that the defendant had neglected to comply with the original order with respect to alimony and counsel fees and that it had become necessary to prepare affidavits and procure an order to show cause why defendant should not be adjudged in contempt. Further, it was claimed that since the original hearing a 1955 Chevrolet automobile, which had been in plaintiff's possession and which had been considered by the first Special Term Justice, had been taken from her by her husband. The affidavits also requested a reconsideration of the financial worth of defendant as set forth in the papers submitted upon the original application as a reason for increasing the former allowances. The defendant submitted

an affidavit in which he said that in exchange for the automobile which he took from the plaintiff he had offered another in its place because the one she was driving was registered in the name of his business. He claimed there were certain facts which excused him from paying the sum awarded.

The defendant countered with a notice of motion to decrease the amount of alimony awarded in the first order and both motions came before Special Term at the same time. The second Special Term Justice did not transfer or refer the matter to the first Justice but retained it and increased the allowance of alimony from $100 each week to $110 each week and increased the allowance of counsel fees from $500 to $2,500, which he directed to be paid within 10 days after the entry of the order. At the same time, the same Justice dismissed the counterclaim. Shortly after that he permitted an amendment of the answer to permit an amended counterclaim. Thereafter defendant served an amended answer containing an affirmative defense but no counterclaim.

It must be assumed that the above-quoted clause contained in the original order permitting application for " further consideration " intended to permit an application for reconsideration by either or both of the parties to the same Justice. Under common practice, there might possibly, under appropriate circumstances, be an additional allowance for counsel fees granted by the Trial Justice at the opening of trial upon application therefor. The plaintiff would also have the right to apply to Special Term at any time for a modification of the original order upon a showing of a substantial change of circumstances and, as to counsel fees, the necessity for additional legal services not contemplated in the original order. Upon such latter application, it would need to appear that the original allowance was inadequate to compensate for such further services.

Thus, if plaintiff's application was intended to be a request for further consideration, it should have been made before, or referred to, the Justice who granted the original order (*Simonds* v. *Simonds*, 57 Hun 290). The application having been made to Special Term, we must therefore consider it an application for modification requiring a showing of change of circumstances and inadequacy. This has long been the rule in this State (*Poutney* v. *Poutney*, 10 N. Y. S. 192).

" While the affidavit on which an additional allowance of $100 counsel fee was made was that of the attorney merely, and while it relates largely to past services, it should be, we think, sustained. From the nature of this counterclaim of the defendant there undoubtedly was extra work other than

that contemplated by the original allowance, particularly when this appeal itself is taken into consideration." (*Baron* v. *Baron*, 252 App. Div. 293, 295.)

The only changes of circumstances between the first and second motions which were set forth in the affidavits submitted by plaintiff were in relation to the automobile and that it would be necessary for the plaintiff to institute contempt proceedings. The counterclaim and all matters pertaining to it were before the court on the original motion. The second order, which is the one appealed from by the defendant, did not specifically modify the first order because of changed circumstances but recites a consideration of all of the papers submitted on the first motion as well as the second. In other words, it is apparent that the Special Term Justice in granting the second order considered the matter as though he were a reviewing court which, of course, he had no power to do, even though he might have disagreed with the first determination (*Simonds* v. *Simonds, supra*). If plaintiff felt aggrieved by the original order, her remedy was to appeal or to apply to the Justice who made that order for reconsideration. The Second Special Term Justice could make additional allowances only for matters which were not before the court on the first application and had occurred subsequent thereto. In any event, the additional allowance of $2,000 solely because it had become necessary to start contempt proceedings against the defendant for failure to pay alimony and because defendant had retaken an automobile was grossly excessive.

The order appealed from should be reversed and the motion denied without prejudice to the right of the plaintiff to move for a modification of the original order upon a showing of a substantial change in circumstances.

Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Order reversed, without costs of this appeal to either party and motion denied, without costs, without prejudice to the right of the plaintiff to move for modification of the original order upon a showing of a substantial change in circumstances.