Jack Stanislaw, J.
Petitioner’s application for a use variance was turned down by the Zoning Board of Appeals of the Town of Huntington. He now brings this article 78 proceeding to annul that denial.
The property in question, petitioner Stevens’ residence for over 12 years, is located at the northeast corner of the intersection of Route 110 and Schwab Road in Huntington. In July, 1962 the property was zoned “Planned Shopping Center”. Stevens at that time entered into a 50-year lease of the property with a commercial tenant. A restaurant-delicatessen would be constructed and operated as a permitted use under the zoning then existing. Then, in August of that same year, the Town Board changed the zoning back to “ c ” residence and the lease became temporarily valueless to Stevens and his proposed tenant. In March, 1963 Stevens’ application for a building permit for restaurant facilities on the property was refused, and appealed to respondent. After a public hearing on May 15, 1963. the board dismissed the appeal and this proceeding followed.
There is no dispute that Route 110 is a predominantly commercial artery. For several miles north and approximately one-half mile south of Stevens’ land there is continuous business *352 use permitted on this road. Just north are two large shopping-centers back to back. Across Route 110 are a supermarket and a nursery, with a shopping center next to the nursery. Across Schwab Road is a discount appliance store. On three of the four corners at this intersection and stretching north and south zoning is amenable to the extensive commercial development which has taken place. In the midst of this business usage sits the Stevens ’ oasis.
Respondent urges that insufficient proof was presented to it on appeal. Proof that the property could not yield a reasonable return under present zoning nor be sold as zoned was allegedly lacking.
Upon application for variance facts are required to show: (1) that the land as zoned cannot yield a reasonable return if used in present zoning; (2) that the owner’s plight is unique in the neighborhood; and (3) that the variance sought will not alter the essential character of the locality. (Matter of Otto v. Steinhilber, 282 N. Y. 71.) There is no real question that petitioner has shown enough to cover the second and third of these points (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86; Matter of Taxpayer’s Assn. v. Board of Zoning Appeals, 301 N. Y. 215; Matter of Bellamy v. Board of Appeals, 32 Misc 2d 520; Matter of Hickox v. Griffin, 298 N. Y. 365). Therefore, this court is confined to the issue of the requirement of proof of reasonable return or its lack.
' The reasonable return problem was recently amplified and explained by the Court of Appeals (Matter of Forrest v. Evershed, 7 N Y 2d 256). It was stated that evidence in the record appealed from, that a sale of the subject property could not be had, was insufficient. Facts were needed, said the court, to show diligent, bona fide efforts to sell, including advertising, listings with brokers and terms and conditions of proposed sale, all done and carried on in good faith. The board here correctly notes the lack of evidence on these criteria, and justifies its denial squarely upon these omissions: “No proofs were offered to show that the property could not yield a reasonable return by utilization of the land under its present zoning. No figures were offered to show cost, mortgage or taxes. The applicant makes no claim of being unable to sell the property, nor did he state that he even offered it for sale. The main contention seems to be that the land would yield a better return if it were zoned business; however, this bare argument does not entitle the applicant to a use variance, and therefore, the application is denied ”. The record of the hearing sustains this reasoning, *353 but presents other factors not discussed bearing heavily on the propriety of the board’s determination.
In Matter of Forrest v. Evershed (supra) evidence was offered in an attempt to show a lack of reasonable return. Declaring the proof inadequate, the Court of Appeals declared what might be conclusive proof on this requirement. Later decisions have held this obiter amplification as the necessary proof of the first requirement previously noted, regardless of any other factual demonstration. This court is of the opinion that, unintentionally enough, a rigid precedent has been established and followed without regard to the demands of varied fact presentations and situations. Certainly these criteria are helpful and even obligatory in a proper case, but here, for instance, the petitioner’s status does not lend itself at all to these guidelines.
Counsel’s statements before the Board of Zoning Appeals can be considered as hearing evidence where no question was raised on this issue. (Matter of Galvin v. Murphy, 21 Misc 2d 324, mod. 11 A D 2d 900; People ex rel. Fordham M. R. Church v. Walsh, 244 N. Y. 280.) And, although the hearing may have been unsatisfactory for this reason, it was nevertheless adequate so far as respondent was concerned. (Matter of Wehr v. Crowley, 6 A D 2d 214.) The board heard that between zoning changes made with respect to the property a lease was executed to develop this site in accordance with a then permissible use. The lease did not take effect due to the change of zone. As a matter of fact, the instant proceeding appears to be the method by which this lease will become effective if petitioner is successful. This is not a case where the failure of proof as mandated in the Forrest case (supra) implies a lack of evidence altogether or an inability to prove what might be proved. (Teschner v. Town of Pittsford, 129 N. Y. S. 2d 803.) Here, Stevens surely cannot prove facts as to return, sale and the like, because he has been maneuvered into a corner by kaleidoscopic zoning changes at a most inopportune time. Petitioner had a lease all set when the property was rezoned. Must he drop his deal and proceed to perform specified acts in order to successfully process his case? General rules generally helpful cannot fairly or wisely be distilled into ritual. Dogged adherence to rote patterns for situations capable of infinite variation beyond the scope of those patterns is difficult to justify. (Matter of Mika Realty Corp. v. Horn, 225 N. Y. S. 2d 70.)
The court will not substitute its own views in place of the discretion permitted the Zoning Board of Appeals. Additional evidence is needed prior to the making of a final determination. *354 (Matter of Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749.) The matter is remitted to the Zoning Board of Appeals of the Town of Huntington for its finding and decision based upon a further hearing in accordance herewith.
Information as to reasonable return should be adduced and heard, including, generally, petitioner’s other opportunities and efforts to obtain return on his land for the periods it was zoned first one way and then another, his obligations, duties and limitations with respect to the lease noted, if any, and otherwise in accord with Matter of Forrest v. Evershed (7 N Y 2d 256, supra) except as must be necessarily distinguished due to the facts of this case.