Jack Stanislaw, J.
This action for declaratory judgment was instituted by plaintiffs Felix and Irene ¡Stevens (hereinafter collectively referred to as “Stevens”) to discover whether a certain amendment of its Building Zone Ordinance by the defendant, Town Board of the Town of Huntington, is constitutional as applied to their property.'
*605 The property itself is the one acre upon which the Stevens’ residence is situated. It constitutes the northeast corner of the intersection of Route 110 and Schwab Road, in the Town of Huntington. When purchased, the property was zoned for residential use. Then, in December of 1959, it was put into a “Planned Shopping Center District”, along with a great expanse of property adjacent to the north and abutting the east side of Route 110. That whole area was then built up into a large regional shopping center, with the exception of Stevens’ parcel, which continued to serve as a homesite. In 1962 the parcel was rezoned and once again made residential. Property very close to Stevens, to the east on Schwab Road, is now the site of a proposed multistoried New York Telephone Company building, but that building is nevertheless a permitted use in the particular residential zone.
In summary, as to the general area, the land along both sides of Schwab Road is residentially zoned right up to its intersection with Route 110. Route 110 itself, a major north-south artery, is heavily devoted to commercial uses both in practice and zoning classification. The Stevens’ residential property is left bounded by businesses as it abuts Route 110 as well as along its northerly line (which forms a part of the shopping center’s southerly boundary).
It is argued that the 1962 rezoning by the town was confiscatory and destructive in its restriction of Stevens’ land to a use for which it is not at all reasonably adapted. This argument is based primarily upon the isolating effect of all the bordering and nearby commercial uses in relation to Stevens’ land. Taking the telephone building into consideration, even the purely residential areas on Schwab Road are no more proximate to Stevens’ property than these commercial locations.
At one time Stevens attempted to obtain relief by way of an application for a variance. The denial of that relief was rejected by this court (Matter of Stevens v. Horn, 40 Misc 2d 351), and the matter remanded for further hearings. However, that approach was abandoned prior to the trial of this action.
Zoned for residential purposes this land is worth about $20,-000. If used by a qualified professional for home and office facilities the value goes up to some $35,000. If zoned for commercial use, as it once was, Stevens’ property would be worth somewhere in the vicinity of $250,000 (see Chusud Realty Corp. v. Village of Kensington, 22 A D 2d 895).
Huntington Town defends its second rezoning of this property on the ground that an increasingly serious problem of traffic congestion at the Schwab Road — Route 110 intersection would be *606 multiplied by permitting a business use at the Stevens’ corner. The current zoning is said to be a method of (negatively) alleviating that problem, in the best interests of the community. In addition, the town insists that it properly acted to preserve the residential character of Schwab Road itself. These arguments are somewhat contradictory. If Schwab Road is already congested then residential characteristics have been somewhat diminished, and the rationale appears to be slightly unrealistic.
Nevertheless, the ordinance in question is presumptively constitutional (Shepard v. Village of Skaneateles, 300 N. Y. 115), and must be shown otherwise by proof going beyond the creation of a mere “ debatable issue” as to constitutionality (Gerzof v. Town of Huntington, 8 A D 2d 841, affd. 8 N Y 2d 788; Wiggins v. Town of Somers, 4 N Y 2d 215). In other words, Stevens must do more than produce a simple preponderance of evidence in order to prevail (Snyder v. Town Bd. of Town of Oyster Bay, 27 Mis 2d 645).
Although any zoning must leave a landowner some use of his property (Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269 ; McCabe v. Town of Oyster Bay, 13 A D 2d 979), he need not be given his most profitable use (Gullo v. Village of Lindenhurst, 16 Misc 2d 761, affd. 13 A D 2d 544; Plymouth Bldrs. v. Village of Lindenhurst, 284 App. Div. 895). Simply reducing the value of land by zoning will not in and of itself result in a declaration of the unconstitutionality of an ordinance (Matter of Wulfsohn v. Burden, 241 N. Y. 289; Matter of Little v. Young, 274 App. Div. 1005, affd. 299 N. Y. 699), unless the demonstrated reduction is so great as to indicate arbitrary behavior on the part of the local officials responsible for that zoning classification (Gardner v. Le Boeuf, 15 A D 2d 815). Proof of lesser value must be buttressed by equally probative evidence of the property’s unsuitability for all other purposes (Gardner v. Le Boeuf, supra). The town may not nominally burden Stevens’ land unjustly, to relieve even a legitimate traffic problem (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493). However, this property remains usable despite its insularity. And essentially plaintiff does not claim a loss of all use, but rather a loss of the most economically beneficial use. (Gardner v. Le Boeuf, supra; Vernon Park Realty v. City of Mount Vernon, supra; Freeman v. City of Yonkers, 205 Misc. 947.)
Plaintiffs’ discomfort in maintaining a residence at this location is manifest, even though the property is ostensibly amenable to residential use (cf. Attoram Realty Corp. v. Town of Greenburgh, 8 AD 2d 9)37). Zoning theoretically serves the best interests of the community at large, in this particular case as an *607 exercise of the proper police power to relieve or control a fixed point of seriously congested traffic conditions. Stevens personal hardship does not per se sustain their request for relief (Evanns v. Gunn, 177 Misc. 85, affd. 262 App. Div. 865). The implicit idea of zoning is a rational balancing of individual and communal interests. That Stevens is not completely happy residing in a house pretty well surrounded by businesses and a shopping-center does not ipso facto mean that the town has breached a duty, or broken a promise to plaintiffs, implied or otherwise. The existence of a degree of hardship on Stevens’ part, as contrasted with an absolute hardship, is not sufficient to sustain their severe burden of proof in this action.
Traffic problems and the maintenance of residential areas do not justify every zoning adjustment, but they are legitimate considerations as to which local governing bodies ought not find themselves immobilized. Unfortunately, even where as. here, the initial factors leading to the problem and its solution detrimental to these plaintiffs’ greatest economic interests were themselves created by that body, the latter should not be powerless to adjust by properly authorized means.
The great equities on Stevens’ side of this case technically do no more than make defendant’s legislative actions “fairly debatable ” as to constitutionality. As a result, plaintiffs have not sustained their burden of proof and the court is bound to hold the ordinance in question constitutional as a valid exercise of the legislative function in the best interests of the community. (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Thomas v. Town of Bedford, 11 N Y 2d 428; Summers v. City of Glen Cove, 21 A D 2d 884.)
The complaint is dismissed.