■ JADE N., Respondent, v. JOHN C., Appellant.— Order unanimously reversed, without costs, and a new trial granted. Memorandum: The testimony of petitioner's roommate that witness Devaney and petitioner were in bed together for several hours until 7 o'clock on the morning of December 21, 1969, would if believed, be sufficient corroboration of Devaney's testimony of

sexual intercourse with petitioner at that time. (See Family Ct. Act, § 531; *Baron* v. *Baron,* 252 App. Div. 293; *Miller* v. *Miller,* 212 App. Div. 114.) Appellant admitted having sexual intercourse with her up until February, 1970. The petition, which was filed before the child's birth, alleges that the child was due to be born on August 13, 1970. The child was born on September 22, 1970 and the hospital record shows that the birth was premature. There was no medical testimony showing the probable date of conception. In the absence of such expert testimony, the proof is not entirely satisfactory. There should be a new trial at which the issues can be resolved in the light of such testimony. (*Baranowski* v. *Luciano,* 23 A D 2d 815; *Erie County Bd. of Social Welfare* v. *Holiday,* 14 A D 2d 832; *Viles* v. *Woermann,* 274 App. Div. 788.) (Appeal from order of Ontario County Family Court, in paternity proceeding.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.