In the Matter of the Application of PETER FALVO, Respondent, for an Order of Certiorari against JOHN KERNER and Others, Constituting the Board of Appeals of the ·City of Utica, New York, Appellants.

Fourth Department, December 30, 1927.

**Municipal corporations — zoning ordinances — refusal by board of appeals to modify ordinance because of practical difficulties or unnecessary hardships is exercise of administrative function with which court will not interfere in absence of abuse of discretion — benefit to relator is no reason for varying ordinance.**

The provisions of a zoning ordinance will not be varied, because of practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions, on the sole ground that a property owner will be benefited if the provisions are varied so as to permit him to erect a gasoline service station in a residential district.

The action of the board of appeals in refusing to vary the provisions of the ordinance in this case did not constitute an abuse of discretion in the exercise of their administrative function to determine whether or not the provision should be varied.

APPEAL by the defendants from an order of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 21st day of February, 1927.

*Clarence E. Williams, Corporation Counsel [J. Herbert Gilroy of counsel], for the appellants.*

*Salvador J. Capecelatro, for the respondent.*

CLARK, J. This proceeding was instituted by the relator to review by writ of certiorari the decision of the board of appeals of

the city of Utica rejecting relator's application for permission to erect a gasoline station in a residential district in said city.

Relator is the owner of two lots located on he northwest corner of Riverside drive and Buchanan road in the city of Utica. Under a Zoning Ordinance of said city duly adopted on or about the 1st day of October, 1924, in pursuance of legislative authority, said premises were classified as being within class " B " residential use district.

The Zoning Ordinance referred to created a board of appeals which has authority in a specific case to vary the provisions of the ordinance " where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance." (Utica Zoning Ordinance of 1924, § 18, subd. 5².)

In May, 1926, the relator made application to the bureau of building in Utica for permission to construct a frame and stucco building to be occupied as a store and gasoline station on said premises.

The superintendent of buildings refused to grant permission to erect this business structure in a residential district. The relator thereupon appealed to the zoning board of appeals of said city from the decision of the superintendent of buildings, and after a hearing and due consideration the board of appeals unanimously rejected the appeal on the ground that no unnecessary hardships or necessity for the construction of said gasoline station had been shown.

Subsequently the relator appealed to the board of appeals for a rehearing on said application, which was granted, and after due notice to all parties interested, and after a hearing in which various affidavits and petitions were read and filed and the parties had been afforded full opportuntity to be heard, after due consideration the board of appeals again unanimously rejected the application of relator on the same grounds as above stated.

Later, relator obtained a writ of certiorari from the Supreme Court directing a review of the proceedings and decision of the board of appeals.

The board made a return to said writ and upon a hearing had at a Special Term of the Supreme Court in February, 1927, an order was made reversing the determination of the zoning board of appeals, and directing the superintendent of buildings to forthwith issue to relator a building permit for a gasoline station on the premises described in the petition. This is an appea' from said order.

The decision of the board of appeals was made after a full hear-

ing on conflicting evidence, and it was determined that " no unnecessary hardship had been shown, and that no necessity had been shown" for the erection of said gasoline station, the decision reciting that the application had been opposed by a large majority of the people in the vicinity.

The question of practical difficulties and unnecessary hardship having been passed upon and determined by the board of appeals, which had authority under the Zoning Ordinance to determine that question, the decision of the board is presumptively correct. (*People ex rel. Sheldon* v. *Board of Appeals,* 234 N. Y. 484.)

The right of municipalities to make and enforce zoning restrictions is well recognized by the courts and the citation of authorities is not necessary.

The board of appeals is clothed with discretionary power on applications of this character. The determination of the board was an administrative function which should not be interfered with by the courts in the absence of proof that the board had abused the discretion with which it was clothed by the ordinance creating it. (*Lincoln Trust Co.* v. *Williams Building Corp.,* 229 N. Y. 313; *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635; affd., 240 N. Y. 689; *Matter of Larkin Co.* v. *Schwab,* 242 id. 330.)

The relator asked permission to establish a gasoline station and store, not in a business district of the city, but in a residential district. On the hearing to consider said application other property owners in the vicinity were heard and filed a protest. The board of appeals thereupon rejected relator's application. In doing so it was exercising its discretionary power in the premises.

The mere fact that relator could derive more profit from his investment if he conducted a gas station at this point, instead of using his property for residential purposes, is not a sufficient basis for his claim that to refuse his application was an unnecessary hardship on him. The rights of other property owners in the vicinity were to be considered as well as the claims of the relator, and after a full hearing and a rehearing had at his request, his application was denied by the board. Presumptively the board exercised its judgment and discretion wisely and in the interests of all property owners in the locality, including the relator, and the court should not attempt to substitute its judgment in place of the board of appeals which body had the right to pass upon the question. (*Matter of Goldenberg* v. *Walsh,* 215 App. Div. 396, 400, dissenting opinion by McAvoy, J.; affd., on said opinion, 242 N. Y. 576.)

The board of appeals was clothed with power to vary the terms of the Zoning Ordinance where practical difficulties or unnecessary hardships were in the way of carrying out its provisions. In this

case, after all parties had been heard, the board determined that no such obstacles had been shown to exist.

Under the circumstances I do not think the court was justified in interfering with the discretion of the board of appeals in a matter in which it had a right to exercise its judgment and discretion, and particularly in this case where the learned court, in the opinion and order sustaining the writ, stated that there had been no bad faith on the part of the board of appeals.

The order should be reversed on the law, with costs, and the order of certiorari dismissed, with fifty dollars costs and disbursements.

All concur, except TAYLOR, J., not voting.    Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order reversed on the law, with costs, and order of certiorari dismissed, with fifty dollars costs and disbursements.