In the Matter of the Application of 4672 Broadway Corporation and Another, Appellants, for a Certiorari Order against The Board of Standards and Appeals of the City of New York, etc., and Others, Respondents.

First Department, December 28, 1928.

*Isidore Cohen* of counsel [*Cohen & Haas*, attorneys], for the appellants.

*Elliot S. Benedict* of counsel [*William T. Kennedy* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondent Board of Standards and Appeals.

*Frederick J. Flynn*, for the respondent Broadway Sherman Realty Co., Inc.

McAvoy, J. The board of standards and appeals on July 19, 1927, adopted a resolution granting the appeal of the Broadway Sherman Realty Co., Inc., and making a variation in the application of the use district regulations of the Building Zone Resolution and authorizing the said Broadway Sherman Realty Co., Inc., to construct a garage for more than five motors on certain property owned by it, known as 17–23 Dongan place and 18–24 Sherman avenue, borough of Manhattan, city of New York.

The order of certiorari herein was issued out of the Supreme Court, New York county, directed to the board of standards and appeals, and the said board answered the same by its return.

The Broadway Sherman Realty Co., Inc., was by an order of the Supreme Court, New York county, granted leave to intervene herein and became a party to the proceeding. The property runs from Sherman avenue to Dongan place, through the block. Sherman avenue is in a business district and Dongan place is in a residence district on the use district maps. The building department denied the application of the owner for the erection of a garage because such erection was unlawful in both business and residential districts. On appeal to the board of standards and appeals, under section 7, paragraph c, and section 21 of the Building Zone Resolution, for a variation of the regulations so as to permit the erection of such garage, after hearing the objections in writing to the erection of the proposed garage filed by numerous property owners affected thereby, and after visiting the premises the board unanimously granted the application to permit the erection of the garage in question.

On the certiorari hearing the Special Term held that the evidence before the board showed that this was a case of practical difficulties and unnecessary hardship, and that the variation permitted by the board was dictated by an unusual emergency and hardship, and, therefore, affirmed the action of the board.

We think this case comes within the rule announced by us in *Matter of Stillman* v. *Board of Standards and Appeals* (222 App. Div. 19), and that nothing more was shown than inconvenience and expense to the applicant in making a particular improvement on the premises, and that a garage building would be economically advantageous over such improvement to the owner. These are not proper " criteria " for a variation, which must be based on considerations of " the public health, safety and general welfare." None such appears.

We think that the order appealed from should be reversed, with ten dollars costs and disbursements against the defendant Broadway Sherman Realty Co., Inc., the order of certiorari sustained, and the determination of the board of standards and appeals annulled, with fifty· dollars costs and disbursements against said defendant corporation.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Orders reversed, with ten dollars costs and disbursements against the defendant Broadway Sherman Realty Co., Inc., order of certiorari sustained and determination of the board of standards and appeals annulled, with fifty dollars costs and disbursements against said defendant corporation.