In the Matter of the Application of CHARLES F. JOYCE, Petitioner, Respondent, for a Certiorari Order against JOHN DOBSON and Others, Constituting the Zoning Board of Appeals of the Town of Tonawanda.*

ZONING BOARD OF APPEALS OF THE TOWN OF TONAWANDA and THE TOWN OF TONAWANDA, Appellants.

Fourth Department, November 16, 1938.

* Revg. 167 Misc. 723.

*O. Clyde Joslin,* for the appellants.

*Gibbons, Pottle & Pottle* [*Willard M. Pottle* of counsel], for the respondent.

CUNNINGHAM, J. The petitioner is the owner of two vacant lots situate on the northwest corner of Colvin boulevard and Highland parkway in the town of Tonawanda. These lots are in a district zoned as residential in which district the zoning ordinance does not permit the erection of gasoline filling stations. The business district in which such stations are permitted extends to the easterly line of Colvin boulevard so that the lots on the northeasterly and southeasterly corners of this intersection are in the business district.

In 1937 the town board amended the zoning ordinance so as to place the southwesterly corner of this intersection in the business district. North and west of petitioner's property the lands are in a residential district. Petitioner's property is in a residential district, on the edge of the business district.

The petitioner filed an application with the building commissioner of the town of Tonawanda on March 3, 1938, asking that permission be granted to him to erect a building on his lands to be used as a gasoline filling station. The building commissioner denied the permit, stating that the town board on the 24th day of May, 1937, after a public hearing, refused to change petitioner's lots from a residential use and classification to a business use and classification, and that eighteen persons had protested to the town board against such change of classification. The building commissioner stated that he disapproved of the petition for a permit to build because the section was zoned for a first class residential district, and business was prohibited on petitioner's property. Later the

building commissioner sent another communication to petitioner stating that petitioner's application for a permit to erect a gasoline service station was found to be in violation of the zoning ordinance in that the driveways as shown on petitioner's plans are twenty feet from a residential district and the zoning ordinance provides that a driveway entrance to a filling station shall be not less than fifty feet from a residential district. The petitioner then appealed to the board of appeals. At the hearing before that board the petitioner presented evidence to the effect that he had an opportunity to lease his two lots for ten years for use as a gasoline service station, at a rental of $600 a year. He also showed that three corners of this intersection were zoned for business purposes. Numerous property owners appeared and objected to the granting of a variance. It was shown that the property in the vicinity would depreciate in value if the gasoline service station were erected as proposed by petitioner. It was also shown that some houses had recently been built on lots in that vicinity. The board of appeals determined that petitioner's property could be used for a conforming use without practical difficulty and unnecessary hardship; that there are no practical difficulties or unnecessary hardships in the way of carrying out the provisions of the zoning ordinance, and that the granting of a variance for the use of petitioner's property for a gasoline station would cause irreparable damage to property adjacent to petitioner's property and within a distance of approximately two hundred feet therefrom. The board of appeals thereupon refused to grant the variance requested by petitioner. The Special Term has annulled the determination of the board of appeals upon the ground that its action was arbitrary. The question now arises as to whether upon these facts the determination of the board of appeals should be annulled or confirmed.

The decision of the board of appeals is presumptively correct. (*Matter of Falvo* v. *Kerner,* 222 App. Div. 289: *People ex rel. Black* v. *Randall,* 254 id. 310.)

The court may not substitute its judgment for that of the zoning board unless the latter has acted arbitrarily. (*People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519.)

A board of appeals may not grant a variance from a zoning ordinance merely because it would be advantageous to the owner of the property affected to do so. (*Matter of Stillman* v. *Board of Standards & Appeals,* 222 App. Div. 19; affd., 247 N. Y. 599; *Matter of Falvo* v. *Kerner, supra; Matter of 4672 Broadway Corp.* v. *Board of Standards & Appeals,* 225 App. Div. 97.)

The fact that the owner will suffer financial hardship if not granted a variance is insufficient ground for relief. (*Y. W. H. Assn.* v. *Board of Standards & Appeals*, 266 N. Y. 270; appeal dismissed, 296 U. S. 537; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347; *Matter of Tenlan Realty Corp.* v. *Board of Standards, etc.*, 251 App. Div. 311; affd., 276 N. Y. 594.)

In *Matter of Richardson* v. *Knapp* (227 App. Div. 207) an application for variance so as to permit the erection of a gasoline filling station was denied. It appeared that there were three other gasoline stations within one-fourth of a mile. The court held that the action of the board in refusing a variance was not arbitrary.

In *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280) the board of appeals granted a variance so as to permit the erection of a garage. The court said that the reason assigned for granting the variance was because there was another garage next door, and then continued: "A garage already existing in the same portion of the street is a sufficient ground under section 7-e for the allowance of a new garage in a district set apart for business. It is not a sufficient reason in and of itself in a district set apart for residences" (p. 287). And further (at p. 289): "At times the Board has declined to permit a departure from the map. The situation must be rare indeed where the concession of such a privilege can be demanded as of right. A typical case is *People ex rel. Werner* v. *Walsh* (240 N. Y. 689). The owner whose petition had been denied complained that he was the victim of arbitrary discrimination in that other applications had been granted at the instance of neighboring owners not differently situated. We found a basis in the record for the exercise of judgment. Not improbably the Board had made a mistake in granting like favors to other owners in the past. This did not mean that it was subject to a legal duty to enlarge the field of encroachment and thereby magnify the error. The question was not ' whether some one else ' had ' been favored.' The question was ' whether the petitioner ' had ' been illegally oppressed.' "

In *Matter of Ward* v. *Murdock* (247 App. Div. 808) the board of standards and appeals denied an application for a variance of the zoning ordinance so as to permit the construction and operation of a gasoline filling station. This determination was confirmed by the Appellate Division. The court said: "The record fails to disclose such exceptional circumstances as alone justify relaxation in peculiar cases of the restrictions imposed by the resolution. The financial situation or pecuniary hardship of a single owner does not warrant the exercise of the power thus to affect the property of other owners and the public generally. [Citation.] If the present application should be allowed because the property involved adjoins

an unrestricted district, all other owners thereafter in the same situation would be entitled to like relief, and soon the purpose of the zoning regulation would be entirely defeated." This case is thus authority for the determination of the board that the mere fact that the petitioner's property was adjacent to business property was not a ground for granting a variance.

The courts are disinclined to permit a board of appeals to grant a variance of an ordinance so as to permit the erection of a gasoline service station in a prohibited district. (*Y. W. H. Assn.* v. *Board of Standards & Appeals, supra; People ex rel. Sullivan* v. *McLaughlin, supra.*)

There is another matter which the board of appeals must have taken into consideration, and that is, the provision of the zoning ordinance prohibiting the location of driveways of a gasoline filling station within fifty feet of a residential district.

This provision of the zoning ordinance was adopted so as to protect from injury pedestrians on the sidewalks in residential districts and children playing on such sidewalks.

The board of appeals may not amend general regulations of a zoning ordinance. (*Matter of Levy* v. *Board of Standards & Appeals, supra.*)

A gasoline filling station increases the fire hazards. (*Standard Oil Co.* v. *Marysville*, 279 U. S. 582.)

Certainly, it was committed to the good judgment of the board of appeals to determine whether or not the safety of the lives and property of the people living in the vicinity would be endangered by the construction of a gasoline filling station on petitioner's property. Its action was not arbitrary or unfair, but was based upon proofs which amply sustained its determination.

The order of the Special Term should be reversed on the law, without costs, and the determination of the board of appeals confirmed, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Order of the Supreme Court reversed on the law, without costs of this appeal to any party, and determination of the board of appeals (zoning) confirmed, with fifty dollars costs and disbursements.