In the Matter of the Application of MARY E. GRAHAM and Others, Respondents, against BOARD OF APPEALS OF THE CITY OF ELMIRA and MELVIN A. REYNOLDS and Others, the Members Thereof, Defendants, and MAX MILLER, Appellant.— Defendant Miller has appealed from an order of the Chemung Special Term of the Supreme Court which annulled a determination of the board of appeals of the city of Elmira granting a zoning variance with respect to premises owned by appellant. The premises involved consist of two separate lots known as 703 and 705 West Church street in the city of Elmira. Each lot is fifty feet wide. Defendant purchased the premises known as No. 703 West Church street in April, 1925. At that time these premises consisted of a vacant lot. In July, 1925, he purchased the premises known as No. 705 West Church street. At the time of the purchase there was erected on that lot a two-story residence building in which defendant lives. In 1925 Miller erected on the premises known as No. 703 West Church street a five-car public garage. In 1930 the city adopted a zoning ordinance by the provisions of which the premises located at No. 703 West Church street were classified as Business A district and the premises known as No. 705 West Church street were classified as Residence B district. Defendant applied to the building superintendent of the city for permission to erect a gasoline station on both lots and to continue the existing five-car public garage. The application was denied on the ground that the erection of such a building would extend into

Residence B district a non-conforming use. The board of appeals reversed this determination and granted the application. Petitioner sued out a writ of certiorari and the Special Term annulled the determination of the board of appeals. The board of appeals had no power under the provisions of the zoning ordinance to grant the variance. (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280.) The board of appeals was not authorized to grant the extension on the ground that the zoning ordinance works a hardship on defendant and that he will suffer financial hardship as a result thereof. (*Matter of Levy* v. *Board of Standards and Appeals*, 267 N. Y. 347; *Matter of Joyce* v. *Dobson*, 255 App. Div. 348; *People ex rel. Werner* v. *Walsh*, 212 id. 635; *Matter of Reed* v. *Board of Standards and Appeals*, 255 N. Y. 126.) Order unanimously affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.