MILLIE SCADUTO, ANNA FERRARA, JENNIE RIVIELLO, MINNIE CACAVALE AND NAZZARENO PIERDOMINICI, PROSECUTORS, v. TOWN OF BLOOMFIELD, THE BOARD OF ADJUSTMENT, THE TOWN COUNCIL AND BUILD-ING INSPECTOR OF THE TOWN OF BLOOMFIELD, AND PATSY A. CONTE, DEFENDANTS.

Submitted October 1, 1940—Decided June 18, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutors, *Ferdinand D. Masucci.*

For the defendant Town of Bloomfield, *Edward C. Pettit.*

For the defendant Patsy A. Conte, *Nicholas Joya.*

The opinion of the court was delivered by

HEHER, J. Prosecutors challenge a resolution adopted by the Board of Adjustment of the defendant municipality recommending to the governing body that a permit be granted to the defendant Conte for the construction of a one-story brick building containing "two stores" in a district zoned generally for "dwellings, detached, for not more than two families," and specifically restricted against use for "any industrial, manufacturing, trade or commercial purpose," on lands situate more than 150 feet from the zone boundary, and the subsequent action of the governing body approving the recommendation and directing the building inspector to issue the permit.

The variation thus authorized is not grounded in statutory considerations, and is therefore invalid. The transcript of the proceedings of the Board of Adjustment reveals no basis whatever for the conclusion of "unnecessary hardship." Only the defendant Conte gave evidence in support of the application; and his testimony was confined to these matters: The period of his ownership—eight months; the character of the dwellings in "the neighborhood"—*i. e.,* "one- and two-family houses;" and an "explanation" of "the type of business he intended to use the stores for." The board's approving resolution recites that, in addition to receiving the testimony of this witness, "all of the members * * * inspected the site of the proposed stores and considered the plans;" and the determination was rested upon these grounds: "Immediately adjoining the premises and also on the southwest corner of North Fifteenth Street and First Avenue there are already erected several stores which were permitted after the area was zoned for residential purposes; * * * the location of the

proposed stores is not solely suitable for residential purposes, especially in view of the already existing stores adjoining the plot, and to enforce the strict letter of the ordinance will, under existing conditions, work an unnecessary hardship; * * * substantial justice will be done by granting the application;" and "it will not be contrary to public interest" but "will be in harmony with the general purpose of the zoning ordinance to make the exception applied for."

In the making of a variance under *R. S.* 1937, 40:55-39, it is a jurisdictional *sine qua non* that, due to special conditions, a literal enforcement of the ordinance would result in "unnecessary hardship." The essential inquiry is whether in the circumstances the specific application of the general regulation would constitute an unnecessary and unjust invasion of the fundamental right of property. The statutory provision for relief against "unnecessary hardship" thus ensuing was designed to permit of the reasonable use of the particular property, and thus to guard against an unwarranted interference with the right of private property, *i. e.,* to secure reasonable zoning. This is a *quasi*-judicial function in essence discretionary, controlled by the policy of the statute and of the ordinance so far as is consistent therewith. And there must be a finding of such jurisdictional prerequisite substantially grounded in competent evidence. The criterion of "unnecessary hardship" is whether the use restriction, viewing the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property. Is the environment such that the lot is not reasonably adapted to a conforming use? It is not *per se* a sufficient reason for a variation that the nonconforming use is more profitable to the landowner. *Brandon* v. *Board of Commissioners of Montclair,* 124 *N. J. L.* 135; *affirmed,* 125 *Id.* 367.

So appraised, the judgment here is untenable. The evidence does not afford a rational basis for the finding of "unnecessary hardship" within the intendment of the statute; *e contra,* it was found that the land is "not *solely* suitable" for residential purposes, "especially in view" of the stores on the adjacent lands. There is in that circumstance no ground for a variation; quite the contrary.

We are not to indulge the presumption that sufficient reason for the exception was revealed by the board's inspection of the *locus*. First, as said, it was rested upon an affirmative finding palpably insufficient; and, secondly, there was no disclosure in the findings of knowledge derived from the view to warrant the variance as consonant with the statutory design. Moreover, the true purpose of an inspection ordinarily is the better to apprehend, appraise and apply the evidence adduced from the witnesses. Of course, where the inquiry is as to a physical fact definitely ascertainable by a view without more, a mere inspection generally suffices. Compare *G. H. Heublein, Inc.,* v. *Second National Bank,* 115 *Conn.* 168; 160 *Atl. Rep.* 898. If the finding of "unnecessary hardship" be permitted to rest upon the undisclosed matters found on the view, the parties in interest would be denied the essence of a hearing, for they would be kept in ignorance of the things deemed controlling by the board. Only by disclosure may the rights of the parties be protected both in the trial tribunal and on review.

It is plainly not a sufficient ground for a mere exception that there are "several stores" in the vicinity, "permitted after the area was zoned for residential purposes." If that were so, one variation would sustain if it did not compel others, and thus the general regulation would eventually be nullified. *Berry* v. *Recorder's Court of West Orange,* 124 *N. J. L.* 385; *affirmed,* 125 *Id.* 273. There is no contention that, as respects prosecutors' lands, the general regulation is, by reason of the previously granted variances, or otherwise, arbitrary or unreasonable.

In the circumstances, there is no occasion to consider the point made as to the sufficiency of the notice of the hearing before the Board of Adjustment.

The resolutions are accordingly vacated, with costs.