In the Matter of ROCHESTER TRANSIT CORPORATION et al., Petitioners, against HARRY B. CROWLEY et al., Constituting the Board of Appeals of the City of Rochester, Respondents, and ROBERT F. SEAGER et al., Interveners, Respondents.

Supreme Court, Special Term, Monroe County, June 18, 1954.

*Charles S. Wilcox* for petitioners.

*Honora A. Miller, Corporation Counsel (James H. Boomer* of counsel), for respondents.

*Samuel G. Brundage* for interveners, respondents.

ROBERTS, J. Petitioners by this proceeding seek to review a determination of the zoning board of appeals which refused to grant a variance permitting the operation of a gasoline station within a residential district.

Petitioner, Rochester Transit Corporation, is the owner of certain premises on the south side of Blossom Road in the city of Rochester having a frontage of approximately 200 feet and a depth of approximately 100 feet. The property is used as a bus loop at the terminus of one of petitioner's bus lines and has been so used for upwards of twenty years. It is necessary for the transit corporation to continue to use the property for this purpose. Seeking, however, to obtain a financial benefit from the property, it has entered into an agreement with the petitioner, Socony-Vacuum Oil Company, for the sale of said prem-

ises to the latter corporation for the sum of $25,000, reserving the right to the transit corporation to use the same as a bus loop for ninety-nine years. Such proposed sale was made conditional, however, upon obtaining a permit to operate a gasoline filling station within the center portion of the bus loop.

The premises in question are in an E residence zone. Under the Zoning Ordinance of the City of Rochester gasoline stations are permitted only in industrial districts with two exceptions. In any commercial district the board of appeals may, after notice and hearing and subject to appropriate conditions, vary the ordinance to permit a filling station (Municipal Code, § 91–37, subd. 9). Also in a C-1 commercial district, a filling station is permissible when located on the same premises and as part of a retail store (Municipal Code, § 91–19). The only situation in which a filling station could be maintained in a residential district would be in the event of the board of appeals granting a variance on the ground of practical difficulties or unnecessary hardship (Municipal Code, § 91–38).

After petitioners' application for a permit had been denied an appeal was taken to the board of appeals, following which a hearing was duly held, at which a number of persons were heard and testimony duly taken. The appeal was thereafter denied and the determination so reached is here the subject of review.

The premises on the south side of Blossom Road to the west of the bus loop are zoned commercial to a depth of about 225 feet but there are at present no commercial uses within said district. The property to the south of this commercial zone is a residential zone in which there are located the Ellison Park Apartments. The property on the north side of Blossom Road is residential. The property on the east, which is located in the town of Brighton, is residential excepting that there is a gas storage tank located about 500 feet south of Blossom Road which constitutes a nonconforming use which antedated the adoption of the Brighton Zoning Ordinance. School No. 46 is located a short distance to the north and Mercy High School a short distance to the east of this bus loop. A number of persons appeared at the hearing in opposition to the application, in addition to which petitions were filed by many objecting property owners. Protests were also presented from the Parent Teachers Association of School No. 46 and the Mother Superior of the Sisters of Mercy who operate Mercy High School. A number of property owners sought to intervene in this proceeding but the application was granted only as to those within two hundred feet of the property in question.

In order that the board may exercise its discretion and grant a variance upon the ground of practical difficulties or unnecessary hardship, it must appear (1) that the property cannot yield a reasonable return when used for a permitted purpose; (2) that the plight of the owner is due to unique circumstances; and (3) that the use authorized will not alter the essential character of the locality. (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71; *Matter of Taxpayers' Assn. of South East Oceanside* v. *Board of Zoning Appeals of Town of Hempstead,* 301 N. Y. 215.)

The Rochester Transit Corporation is required to maintain the bus loop in question in connection with the operation of its busses. It has used the property for no other purpose for upwards of twenty years. It is an omnibus corporation whose operations and tariffs are subject to the control of the Public Service Commission. (*Matter of City of Rochester* v. *Public Service Comm. of State of N. Y.,* 192 Misc. 33, affd. 275 App. Div. 172, affd. 301 N. Y. 801.) Theoretically at least it should be receiving a fair return upon its property and investments. Practically, however, the transit corporation claims that it is not getting a fair return from certain of its frozen assets including its bus loops, and it has therefore been decided to attempt to sell the bus loops for the purpose of improving the financial condition of the corporation. There is no claim that if the bus loop were to be abandoned, the property in question could not be used for a permitted purpose within an E residence zone. The plight of the owner is due to no unique circumstance arising out of the nature of the property, its location, or the applicable provisions of the zoning ordinance. It is due solely to the fact that while being used as a bus loop it cannot be sold or used for residential purposes. Such a showing is not sufficient to justify the granting of a variance. (*Matter of Henry Steers, Inc.,* v. *Rembaugh,* 259 App. Div. 908, affd. 284 N. Y. 621.) It is true that the granting of the variance would permit the transit corporation to still use the property as a bus loop and at the same time realize $25,000 from its sale. The mere fact of financial hardship to the individual owner, or the fact that it might be to its financial interest to sell the property for use as a gas station, does not justify the granting of a variance upon the ground of practical difficulties or unnecessary hardship. (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270; *Matter of Thomas* v. *Board of Standards & Appeals of City of N. Y.,* 290 N. Y. 109, 115; *Matter of Joyce* v. *Dobson,* 255 App. Div. 348; *Matter of Falvo* v. *Kerner,* 222 App. Div. 289.)

Even where unnecessary hardship is shown, the board is required to balance such hardship against the equities and to determine to what extent the variance, if granted, would interfere with the zoning plan and the rights of owners of other property. (*Matter of Holy Sepulchre Cemetery* v. *Board of Appeals of Town of Greece,* 271 App. Div. 33, 41-42.) The evidence before the board is ample to sustain the findings that the requested use, if permitted, would alter the essential residential character of the neighborhood. (*Matter of Corbett* v. *Zoning Bd. of Appeals of City of Rochester,* 283 App. Div. 282.)

In any event, this court may not substitute its judgment for that of the board and set aside the determination reached unless it appears that the board's action was arbitrary and unreasonable. A gasoline filling station in a residential area tends to adversely affect the neighborhood and other property owners and the action of the board in refusing the variance was neither arbitrary nor unreasonable. (*Matter of Young Women's Hebrew Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270, *supra*; *Matter of Joyce* v. *Dobson,* 255 App. Div. 348, *supra.*)

The determination of the board of appeals is affirmed.