Fbank Del Yecohio, J.
This is an article 78 proceeding to review the determination of the Zoning Board of Appeals of the Town of Cicero and for an order directing that a certificate for an existing nonconforming use be issued.
The applicable zoning ordinance was adopted on April 8,1952. In a verified petition dated September 23, 1957 petitioners asked for a variance to permit operation of a junk yard on property located in a residential district or, in the alternative, for a certificate of occupancy for an existing lawful nonconforming use on the ground that the property had been used for that purpose prior to the adoption of the ordinance.
At the hearing held on October 7, 1957 petitioners withdrew their request for a variance and offered proof solely on the question of whether the property had been used as a junk yard prior to the adoption of the ordinance.
It appears without dispute that petitioners acquired title to about 50 acres of property located on Eastman Boad in the town of Cicero by warranty deed dated June 6, 1952 and recorded on July 15, 1952.
It was also claimed in testimony given at the hearing by petitioner Joynt that she occupied the property on or about March 1, 1952; that it has been used ever since to store used automobiles, their parts and accessories for the purpose of resale as secondhand parts and scrap metal; that at one time she had as many as 60 cars on the property but that there were only two cars there — a Model A Ford and a ’39 or ’41 *764 Ford — on the date of the hearing. Petitioner Joynt did not produce or offer to produce any bills of sale or other written instrument to show that she was carrying on the business claimed prior to the adoption of the ordinance, although the chairman of the hearing asked for such evidence. While petitioners’ attorney stated for the record that the contract to purchase the property had been signed long before the zoning ordinance was adopted, the contract was never offered or produced at the hearing and neither the former owner nor Jacob Borne, a joint tenant, was called to testify in corroboration of Mrs. Joynt.
A number of nearby property owners appeared at the hearing in opposition to the request for a certificate of legal nonconforming use, challenging the testimony of petitioner Joynt and presenting various objections, among them that the property had not been used as a junk yard prior to April, 1952, that in the summer of 1953 and 1954 there was only one Model A Ford on the property which was still there at the date of the hearing, and that five homes had been built on Eastman Boad in 1952 and families had moved into the area because it was a residential district. Under the ordinance the establishment of new junk yards is prohibited except in industrial areas.
Most significant, however, is the fact that Albert B. King, chairman of the Zoning Board, together with other persons had inspected the entire Town of Cicero before adoption of the zoning ordinance for the purpose of compiling data for a map intended to show existing uses on properties which did not conform with the proposed zoning law. At the time of that inspection he observed no used or junk cars on the property in question and saw no other indication that the property was being used as a junk yard. Moreover, the map prepared as a result of this inspection makes no reference to petitioners’ premises as being used for an existing nonconforming use.
Bespondent board denied the application following the hearing and so informed Mrs. Joynt by letter as follows: “ Tour variance was denied due to the lack of evidence that this property was in use as storage and sale of used cars and parts prior to the adoption of the Zoning Ordinance of the Town of Cicero. Also to the overwhelming opposition of the nearby property owners.”
It is well settled that nonconforming uses in existence when a zoning ordinance is enacted will be permitted to continue, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over *765 the years, cause serious financial harm to the property owner. (People v. Miller, 304 N. Y. 105.)
The sole question for this court is whether upon the entire record the finding of the zoning board was illegal, arbitrary, capricious and unreasonable.
In determining whether there was evidence before the board to support its decision, the court must start with the premise that the determination is presumptively correct (Matter of Flavo v. Kerner, 222 App. Div. 289) and if the board had an opportunity to make an informed decision — one that is based on knowledge sufficient for wise and proper judgment — it will not be disturbed, because the court may not weigh the evidence or reject the choice made by the board where the evidence is conflicting and room for choice exists. (Matter of Taub v. Pernie, 3 N Y 2d 188.)
In order to succeed in this proceeding petitioners must meet the burden of establishing that respondents acted arbitrarily, capriciously and unreasonably for, absent such proof, the court has no power to substitute its judgment for that of the duly constituted administrative authorities. (People ex rel. St. Albans-Springfield Corp. v. Connell, 257 N. Y. 73, 82; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; Matter of Diocese of Rochester v. Planning Board, 1 N Y 2d 508, 520.)
The record before the court reveals that the evidence before the board with regard to the existence of a substantial nonconforming use on petitioners’ property prior to April, 1952 was conflicting and that there was proof to support the conclusion reached by respondents. Petitioners having failed to establish that the denial of the certificate was arbitrary, capricious, unreasonable or illegal, the petition must be dismissed.
Prepare order accordingly.