Miles F. McDonald, J.
Respondents, constituting the Board of Standards and Appeals, and the intervenor-respondent move for orders vacating the order of certiorari obtained herein, dismissing the petition and affirming the board’s determination denying the petitioner’s application for a variance in the existing use district. The petitioner is the owner of a vacant plot of land located at the northeasterly corner of Seaview Avenue and East 95th Street, Brooklyn, New York. The subject premises purchased by the petitioner on December 17,1956 is located in a residence use district which prohibits the erection of a gasoline service station. A short time after the purchase, petitioner applied to the respondent board pursuant to section 7 (subds. [e], [h]) of the Zoning Resolutions for a variance of the zoning regulation permitting the premises to be improved with a gasoline service station.
By the terms of the said section and its subdivisions the board may under certain conditions exercise its discretion to grant such a variance. After a hearing held by the board with notice to all parties affected by the proposed use and an inspection of the area and the immediate neighborhood, the board found that the application was not an appropriate one for the exercise of its discretion and denied it. The instant determination was made after a previous article 78 proceeding instituted by the petitioner had been remanded to the respondent board for its failure to set forth in its return the findings upon which it had based its determination. Such omission has been cured by the present return. The petitioner claims that the determination. of the board was an illegal act of discrimination against it as the board had granted variances for two other gasoline *1076 stations approximately 400 feet from the instant site. Petitioner further stresses in its petition that the amount of gasoline dispensed at each of the service stations referred to is substantially greater than the average amount of gasoline sold in other stations throughout Brooklyn and accordingly there is a public need for additional facilities for the sale of gasoline and the servicing of motor vehicles in the area; that such denial created an undue and unnecessary hardship as the site is not available for the use prescribed by the zoning regulations and deprives the petitioner of obtaining a fair return upon its investment.
While the court is sympathetic with petitioner’s plight, it is of the opinion that there are sufficient facts and evidence in the return and the record to sustain the determination of the board. It is well established that one who knowingly purchases land for a prohibited use cannot thereafter have a variance in the use of the premises on the ground of unnecessary hardship. (See Matter of Blumberg v. Feriola, 8 A D 2d 850 and cases cited therein.) Petitioner apparently was well aware that the site was in a residence use district with its restrictions as it instituted this application for a variance within two months after the purchase. The claim of hardship is self-imposed and self-created.
Nor did the granting of similar variances to other owners in the same locality afford the petitioner a valid reason for insisting upon a variance in this case. The granting of such consents do not in and of themselves establish that the refusal to grant the instant one was arbitrary or capricious. (Matter of Cornwall Realty Corp. v. Murdock, 285 App. Div. 951; Matter of Larkin Co. v. Schwab, 242 N. Y. 330; Matter of Goldenberg v. Walsh, 242 N. Y. 576, revg. on the dissenting opinion of the court below; People ex rel. Werner v. Walsh, 212 App. Div. 635, affd. 240 N. Y. 689.)
The courts may not interfere with discretion as to when an exception shall be made nor formulate standards to be used in the exercise of that discretion. They may interfere only when it is clearly shown that the refusal is based solely upon grounds which as a matter of law may not control the discretion of the board. (Matter of Larkin v. Schwab, supra.) The record discloses that there are sufficient gasoline stations to adequately meet the present need of the locality. The mere fact that there may be room for more stations does not establish that the respondent acted in an arbitrary manner. Petitioner’s claim that its property will be rendered Avorthless or will not yield a fair return is no basis for this court nullifying *1077 the determination of the board. (Matter of Wulfsohn v. Burden, 241 N. Y. 288; Matter of Falvo v. Kerner, 222 App. Div. 289.)
The determination of the board was an administrative function which should not be interfered with by the court in the absence of proof that the board had abused the discretion with which it is clothed. (Matter of Falvo v. Kerner, supra; Matter of Larkin Co. v. Schwab, supra; Matter of Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749; Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126-136.)
As there is a reasonable basis in laAv and fact for the determination of the board and an absence of a shoAving of abuse of discretion, the determination is affirmed and the motions granted.