■   In the Matter of FIRST NATIONAL BANK OF GLENS FALLS, as Trustee of the Glens Falls Foundation, Appellant, v. LAWRENCE SHEEHAN et al., Constituting the Zoning Board of Appeals of the City of Glens Falls, Respondent, and TEXACO, INC., et al., Intervenors-Respondents.— MEMORANDUM BY THE COURT. Appeal from a judgment of the Supreme Court, Warren County, which dismissed appellant's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Glens Falls which granted respondent Texaco, Inc., a special permit and variance to erect a gasoline station extending over property owned by Texaco, and which is presently the site of a gasoline filling station, and an adjacent parcel owned by respondent Kreiser, which Texaco has exercised an option to purchase. The facts and the issues on this appeal are outlined in the comprehensive opinion of Mr. Justice Main at Special Term (57 Misc 2d 311), which determined, *inter alia,* that the petitioner was entitled to the special permit which was granted by the Zoning Board of Appeals, with which we agree. The sole issue raised here that has any merit is the contention of the appellant that the special permit cannot be granted because it is within 200 feet of a " charitable institution ". The use of the words " charitable institution " within the context of section 2 of article X of the zoning ordinance of the City of Glens Falls denotes a physical structure or precise use of the premises for charitable purposes. (See, also, Black's Law Dictionary [4th ed.], pp. 296, 940.) The board having granted the special permit, we start out with the presumption that the decision of the board was correct (*Matter of Falvo* v. *Kerner,* 222 App. Div. 289, 291; *Matter of Joyce* v. *Dobson,* 255 App. Div. 348, 350) and, therefore, the burden is upon the appellant (*Matter of Revorg Realty Co.* v. *Walsh,* 225 App. Div. 774, affd. 251 N. Y. 516; *Matter of Falvo* v. *Kerner* [*supra*]) to show (1) that its building was a " charitable institution " and if such is the case that (2) the building was within 200 feet. The record does not contain anything descriptive of any charitable use except as to the property owned by the appellant Glens Falls Foundation. Whether or not the proposed use is within 200 feet of a charitable institution is a question of fact as to distance and a mixed question of law and fact as to " institution ". From the present record it is apparent that the appellant owns property upon which there is located a building. In its statement of facts in its brief upon this appeal the appellant apparently recognizes the lack of proof as to distance when it says "*Presumably,* their [Texaco] plans called for exits within 200 feet

of property owned by ". (Emphasis supplied.) The board concedes that the proposed use is within 200 feet of appellant's building and accordingly, we pass to the question of whether or not the building or use is a " charitable institution ". In this regard the appellant has alleged in its petition that the building is occupied by the Glens Falls *Historical Association* and the said association has offices therein and a museum. It is further alleged in the affidavit of the trust officer of the appellant's trustee that the " Foundation *lends* the property " (emphasis supplied) to the said association. The record is devoid of any proof as to whether or not the occupant of the premises is charitable in nature. Assuming that it is charitable in nature, the remaining question is whether or not the present use of the premises is such as to constitute an " institution ". The word " institution ", as used in the zoning ordinance, connotes a use or facility which is presumably of some continuing nature. Upon the present record the occupant is merely a licensee and its license and its use can be terminated at will by the appellant. Upon such facts it cannot be either presumed or assumed that the present use will continue beyond the date of the affidavit. It is noted that any owner of property could defeat an application for such a special permit by simply permitting a charitable use if such transitory and non-permanent relationships were sufficient to infer an " institution ". Upon the present record we find that the appellant has failed to establish that there is a " charitable institution " within the proscribed distance of 200 feet. (Cf. *Matter of Colonial Sand & Stone Co.* v. *Johnston,* 28 A D 2d 18, revd. 20 N Y 2d 964.) We note that upon the present record a denial of the special permit would have apparently worked a hardship upon the owner of the subject property. Judgment affirmed, without costs. Herlihy, J. P., Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court. Reynolds, J., dissents and votes to reverse and grant the petition. Reynolds, J. (dissenting). The zoning ordinance of the City of Glens Falls permits the Zoning Appeals Board to grant a special permit for a garage or public automobile filling station but also expressly provides that such garage or filling station shall not have an entrance or exit within " two hundred (200) feet of any * * * charitable institution ". In my view the Zoning Board of Appeals had no power to disregard this distance limitation (*Matter of Lynch* v. *Gardner,* 15 A D 2d 562; *Matter of Plotinsky* v. *Gardner,* 15 A D 2d 563; *Matter of Texas Co.* v. *Sinclair,* 279 App. Div. 803, affd. 304 N. Y. 817) ; nor does the majority suggest that it does. Instead the majority would affirm on the grounds that the structure is not being occupied by a " charitable institution " within the meaning of the statute. Clearly the record is not as developed on the issue of the use of the building as we might desire, but this is obviously so only because prior to this appeal everyone involved in the case, including the Zoning Board and the trial court, had unquestionably assumed that a charitable institution, as that term is used in the statute, was involved. The sole issue litigated and discussed below was undue hardship on the owner. Furthermore it is evident that the property involved was so zoned that the sole reason that the issuance of the permit was disputed was because the proposed gas station had an exit within 200 feet of appellant's building and other similar structures. Moreover, from what is in the record it is at least undisputed that the Historical Association operates a museum on the premises which is open to the public on a regular basis each week and also used the premises for its offices. This, in my opinion, is enough not only to preclude us from determining, considering the posture in which the case was tried, that there is no charitable institution within the prescribed distance but also to place the burden on the respondents to establish that no bona fide charitable institution was involved. Nor does the fact that

the property was lent to the Historical Society necessarily in my opinion remove its occupancy from the protection of the statute. I agree, as suggested by the majority, that such an arrangement might be used as a subterfuge, but there is not the slightest suggestion that such is the case here and it would seem that rather than, as a matter of law, holding that all arrangements such as the present one are insufficient " to infer an 'institution' ", a case by case approach would prove much wiser. Accordingly, I vote to reverse the judgment and to annul the determination with the respondents, of course, having the right to renew their application if they so choose.