Donald R. GLASGOW and Charles A.
Shadid, Plaintiffs in Error,

v.

Richard A. BEATY, Acting Superintendent,
B. D. Eddie, et al., Defend-
ants in Error.

No. 43303.

Supreme Court of Oklahoma.

July 14, 1970.

As Corrected Nov. 9, 1970.

Rehearing Denied Nov. 10, 1970.

Shadid, Black & Shdeed, and McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for plaintiffs in error.

Barefoot, Moler, Bohanon & Barth, by Edward H. Moler, Oklahoma City, for defendants in error.

McINERNEY, Justice.

The premises here involved are zoned as "F" classification which is commercial. Plaintiffs in error are respectively a tenant leasing part of a one story structure and the landlord. In concert they sought a variance before the municipal board of adjustment after denial by the municipality of an occupancy permit. The occupancy permit was initially denied on the ground use by the tenant was operation of a restaurant business serving beer, without providing one off space parking space for each 200 square feet of floor space as required by the applicable zoning ordinance establishing F Commercial zoning, i. e., Chapter 10, § 13. 10.03(2), Revised Ordinances of Oklahoma City.

Plaintiffs in error were respondents below and will be referred to here as plaintiffs in error or by name. The municipality will be referred to as such and those who appeared to resist granting of a variance will be referred to as protestors.

We are concerned here only with the premises which Mr. Glasgow rents from Mr. Shadid, which is not the entire structural unit. The appeal is briefed on three propositions, the first of which is a broad assertion of error in the district court judgment as contrary to law, contrary to the evidence and as being unsupported by any evidence. Under this proposition is presented first the contention that the present use is a nonconforming use and therefore exempted from application of the ordinance; second that enforcement of the ordinance as to these plaintiffs in error constitutes a denial of equal protection of the law, and, lastly, that plaintiffs in error have complied with the ordinance.

In respect to the first contention under Proposition I, no serious effort was made to establish a nonconforming use and no such nonconforming use was established. The building on the date of purchase by

Shadid was divided into three areas, and those basic divisions remain. The area rented to Mr. Glasgow is the south area, and the only evidence adduced concerning its use prior to acquisition of the property by Mr. Shadid in 1966 discloses a use for storage and warehousing by a neighborhood florist. The cause was not tried before the district court on the theory of nonconforming use and the theory of nonconforming use cannot be considered on appeal. A nonconforming use is not an unlawful use but is a use made lawful by granted variance, and otherwise unlawful.

 The second contention under Proposition I urges denial to plaintiffs in error of equal protection of the laws. The record relates testimony of witnesses who made vague references to other commercial operations in the zoned area being conducted without compliance with off street parking requirements. Plaintiffs in error did not adduce evidence calculated to show any arbitrary or capricious act in enforcement of the controlling ordinance. The Witness Barbour appearing in behalf of plaintiffs in error stated that by area less than ten per cent of the commercially occupied premises in the vicinity furnished the requisite parking facilities and that testimony was unchallenged on cross-examination. Protestors adduced proof that at least three nearby commercial establishments did furnish requisite parking facilities. Existing uses, similar or dissimilar, in violation of zoning ordinance or by virtue of a granted variance thereunder will not entitle an applicant to a variance. Prior exceptions are not controlling. Ill-advised or illegal variances do not furnish grounds for repetition. Otherwise one variance would sustain, if not compel, others and nullification of the general regulation would result. Nullification of zoning is a legislative function and beyond the power of the board of adjustment. McQuillin on Municipal Corporations 3rd Ed., § 25.173. The trial court made no finding on this issue but the evidence does not establish unjust discrimination as a matter of law. Zoning ordinances do not classify with perfect justice. Zoning

authoritites are given power to alleviate unusual hardship by granting variances. The granting of variance to some and denial of variance to others does not ipso facto establish unreasonable discrimination. Within the guidelines of the empowering statute, granting or denial of variance rests largely in the discretion of the body designated by the zoning ordinance for that purpose. Denial of a variance will be disturbed on appeal only on a clear showing of an abuse of discretion. The board of adjustment exists for the purpose of authorizing variances on reasonable grounds. An applicant is deprived of his rights only when unreasonable discrimination is the basis of denial.

 The third contention under Proposition I is that plaintiffs in error have complied with the related off street parking requirement. The ordinance requires in F Commercial zones one parking place for each dwelling unit, one parking space for each 300 square feet of floor space in a commercial building except that an establishment serving food or drink to patrons must provide one off street parking space for each 200 square feet of floor space. The use to which plaintiffs in error devote the premises here involved is the most highly restricted use in the zoning classification, and such use requires provision of maximal off street parking within the class. Assuming for a moment plaintiffs here complied with the ordinance, such compliance would not be ground for granting a variance, but is rather a basis for seeking, by mandamus, compulsion of issuance of an occupancy permit, or as a defense to any injunctive relief sought by the municipality. Compliance would render a variance unnecessary, and under the related ordinance, and statute, unauthorized by law. Yokely, Zoning Law & Practice, 3rd Ed., Vol. 2, §§ 15-10. Nevertheless the proof tending to demonstrate compliance is permissible to show that a variance granted would have minimal impact by reduction of congestion fairly attributable to the prohibited use for which variance is sought. Such evidence is probative of one or more of the

four circumstances contemplated by 11 O.S. 1961, § 407(3), which are that the variance if granted will (1) not be contrary to the public interest, (2) where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, (3) that the spirit of the ordinance will be observed and (4) substantial justice done. The trial court made no related finding of fact, but a general judgment is deemed to include special findings on any and all issues necessary to sustain the judgment. Hitt v. Hitt, Okl., 258 P.2d 599, 604 (1953). The off street parking provided by the applicant Shadid is located approximately 150 feet south and 100 feet east of Mr. Glasgow's cafe. To cover this distance a pedestrian must cross two heavily traveled streets, Northwest Twenty-third Street and North Walker Avenue. The trial court presumptively found the parking accommodations insufficient because of remoteness from the cafe, and that finding is readily justified under the evidence.

The judgment of the trial court is challenged by plaintiffs in error under Proposition II of their brief on the ground there exists a presumption in law of the correctness of the decision by the board of adjustment (which allowed the variance and which order was reversed by the trial court) and that the trial court could reverse the board of adjustment decision only if it could be found arbitrary, capricious and unreasonable and that the burden of proof on appeal rested upon the protestors or the municipality.

■■■■ Appeals from board of adjustment created pursuant to 11 O.S.1961, § 407 are to the district court and the cause is there tried de novo. 11 O.S.1961, § 408. On a trial de novo on applications for variances the burden of proof rests upon applicant and the burden of proof which he must bear is as expressed in § 407(3). Board of Adjustment of Oklahoma City v. Shanbour, Okl., 435 P.2d 569, 573 (1968).

■■■■ The third proposition in the brief by plaintiffs in error urges error in the trial court judgment because the variance should have been granted upon either practical difficulty or unnecessary hardship. Neither practical difficulty nor unnecessary hardship warrants relaxation of zoning restrictions unless the property suffers some unusual hardship different from and more onerous than that suffered by other property in the district. If the premises have substantially the same value, relatively, for permitted uses as other property, a variance is not warranted on the ground the applicant would find it more profitable, or convenient, to devote the property to a prohibited use. 62 C.J.S. Municipal Corporations § 227(11). Added advantage and fiscal benefit to the applicant does not, standing alone, warrant a variance. Scaduto v. Town of Bloomfield, 127 N.J.L. 1, 20 A.2d 649 (1941); Joyce v. Dobson, 255 App.Div. 348, 8 N.Y.S.2d 768 (1938).

■■■■ Denial of the variance sought is not against the clear weight of the evidence. This cause is of an equitable nature and the issue is whether the judgment of the trial court is consonant with or contrary to the clear weight of the evidence. Twist v. Kay, Okl., 434 P.2d 180, 186 (1967).

Affirmed.

IRWIN, C. J., and DAVISON, BLACK-BIRD, JACKSON, HODGES and LA-VENDER, JJ., concur.

WILLIAMS, J., not participating.
Rehearing denied.