Charles A. **SHADID**, Plaintiff-Appellant,

v.

The **OKLAHOMA CITY**, a municipal corporation, Defendant-Appellee,

**B. D. Eddie**, Intervenor Defendant-Appellee.

No. 73–1721.

United States Court of Appeals, Tenth Circuit.

April 15, 1974.

Barry Albert, Shadid, Black & Albert, Oklahoma City, Okl., for appellant.

Tom B. McGee, Asst. Municipal Counselor; Walter M. Powell, Municipal Counselor, Oklahoma City, Okl., for City of Oklahoma City, Oklahoma.

Edward H. Moler, Barefoot, Moler & Claro, Oklahoma City, Okl., for B. D. Eddie, intervenor defendant-appellee.

Before HILL and DOYLE, Circuit Judges, and DURFEE, Senior Judge, United States Court of Claims, sitting by designation.

PER CURIAM.

This matter comes on for consideration of the captioned cause which, on March 21, 1974, was considered on the briefs.

■ Appellant contends that the District Court erred in sustaining defendant City of Oklahoma City's motion for summary judgment and in ordering his cause dismissed with prejudice without an evidentiary hearing. We have examined the opinion of the Supreme Court of the State of Oklahoma in Glasgow v. Beaty, 476 P.2d 75 (1970), and the opinion of the Oklahoma Court of Appeals, Division 2, in Shadid v. City of Oklahoma City and B. D. Eddie, No. 44873 (filed Jan. 16, 1973), and it is our conclusion that this cause has been thoroughly litigated in the State Courts on the same facts and by the same parties (or their privies), and that appellant is barred by the doctrine of *res judicata* from re-litigating these same factual and legal issues. The mere assertion of a new theory based upon the Federal Constitution or statute is insufficient to entitle appellant to reconsideration in a Federal court of allegations of the same wrong, based upon the same facts, and seeking the same relief. Grubb v. Public Utilities Commission of Ohio et al., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930); Tomiyasu v. Golden, 358 F.2d 651 (9th Cir. 1966). Furthermore, as to appellant's claim under 42 U.S.C. §§ 1983 and 1985, a municipal corporation is not a "person" within the contempla-

tion of those sections. *See e. g.*, Bush v. Robinson, 442 F.2d 393 (3rd Cir. 1971); Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1963), rehearing denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042 (1963).

Under the facts and circumstances of this case, the District Court properly exercised its discretion pursuant to Rule 24 of the Federal Rules of Civil Procedure in permitting the intervention of B. D. Eddie as a party defendant in the cause.

■ We find no error in Judge Bohanon's refusal to disqualify upon appellant's motion pursuant to 28 U.S.C. § 455. Whether a judge is so connected with the litigation as to make it improper for him to sit is a matter confined to the consideration and discretion of the judge himself. Weiss v. Hunna, 312 F.2d 711 (2d Cir. 1963), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963). There are no facts indicated in the record which would have compelled the trial judge to recuse himself pursuant to 28 U.S.C. § 455 in the absence of a judgment on his part that it would have been improper for him to sit on the case.

■ Finally, appellant's motion for continuance, filed for the reason that Intervenor had not yet answered interrogatories propounded to him and for the further reason that the trial judge had not yet ruled on appellant's motion for the assigned judge to disqualify, was properly denied.

Accordingly, it is the ORDER of the Court, per curiam, that the Judgment of the United States District Court for the Western District of Oklahoma is affirmed.