IN THE MATTER OF KAY PARLOW.

Superior Court of New Jersey
Appellate Division

Submitted September 19, 1983—Decided October 3, 1983.

Before Judges ARD and TRAUTWEIN.

*Sever & Hardt,* attorneys for appellant Township of Edgewater Park (*Frederick W. Hardt,* on the brief).

*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for respondent Civil Service Commission (*Mark J. Fleming,* Deputy Attorney General, on the statement in lieu of brief).

*Dietz, Allen & Sweeney,* attorneys for respondent Kay Parlow (*John A. Sweeney,* on the brief).

PER CURIAM.

This is an appeal by the Township of Edgewater Park (Township) from a final decision of the Civil Service Commission (Commission) which reduced that portion of the initial decision of Administrative Law Judge Wizmur (ALJ) recommending dismissal of Ms. Parlow for insubordination under *N.J.A.C.* 4:1–16.9(a)(4) to a written reprimand and reinstatement to her position as clerk typist with back pay.

█ Township raises a variety of arguments but unfortunately embraces all of them in one catchall point heading, contrary to *R.* 2:6–2(a)(5). We have endeavored to sort out and categorize these points as best we can. One argument which we perceive as significant concerns Township's contention that the Commission erred when it considered Parlow's employee service record which was not part of the record below. While the Commission in its *de novo* review based on the record adopted the findings of the ALJ that Parlow was insubordinate, it found that there were sufficient extenuating circumstances present in the record justifying its conclusion that the penalty of termination of employment "... was disproportionate to the charges and situation. Rather, the penalty is modified to a written reprimand." In so doing the Commission stated:

In evaluating a proper penalty on its *de novo* review, this Commission considers among other factors, an individual's past history of disciplinary sanc-

tions. Additionally, the Commission utilizes, where appropriate the concept of progressive discipline. Appellant's Civil Service employment record indicates that she was appointed on June 28, 1976 and had never been disciplined by the appointing authority. Thus, we are considering the appropriateness of the penalty to an employee of many years service who has an unblemished record of public service.

It is clear to us that the Commission misconceived its function in reviewing, *de novo* on the record, the decision of the ALJ when it took into consideration Parlow's employee service record—a document that was not admitted into evidence at the hearing before the ALJ. In its statement in lieu of brief, the Commission takes the position that it can refer to items in its files that are not admitted into evidence because it is charged with "regulating the employment of governmental employees throughout the State." Although the item in question is a brief, one page document, for the reasons hereinafter set forth the Commission's consideration of the same without notice to the parties or opportunity for rebuttal requires reversal and remand. Principles governing an agency's consideration of evidence not included in the record in making its determination were succinctly summarized in *Brotherhood of R.R. Trainmen v. Palmer*, 47 *N.J.* 482 (1966).

> Our cases clearly establish the rule that at a hearing of the type required here, an administrator cannot go outside the record made before him, and investigate or privately obtain evidence out of the presence of the interested parties and use it in whole or in part as the basis for his decision. The determination cannot rest upon undisclosed evidence which the parties have had no opportunity to test for trustworthiness or to explain or rebut. *In re Plainfield-Union Water Co.,* 11 *N.J.* 382, 393 (1953); *Susquehanna, etc. Ass'n v. Bd. of Pub. Util. Comm'rs.,* 55 *N.J.Super.* 377, 408–409 (*App.Div.*1959); *N.J. State Bd. of Optometrists v. Nemitz,* 21 *N.J.Super.* 18, 28–29 (*App.Div.*1952)....
>
> ... It is a corollary of the rule referred to in the cases noted above that if an administrator or administrative tribunal obtains information or evidence outside the hearing which is considered of relevant probative value on the issue under consideration and which is to be used in formulating the ultimate decision, such information or evidence should be spread upon the record by orderly procedure and the parties given ample opportunity to test its trustworthiness in the normal manner, and to refute it if desired. *Abbotts Dairies v. Armstrong,* 14 *N.J.* 319, 332–333 (1954); *Penna. R.R. Co. v. N.J. State Aviation Com.,* 2 *N.J.* 64, 72 (1949); *National Dairy, etc. Co. v. Milk Control Board,* 133 *N.J.L.* 491, 498 (*Sup.Ct.*1945); *Scaduto v. Town of Bloomfield,* 127 *N.J.L.* 1, 4 (*Sup.Ct.*1941). [47 *N.J.* at 486–487]

These principles are undergirded by the rule of exclusiveness of the record. *Elizabeth Federal S. & L. Assn. v. Howell,* 24 *N.J.* 488, 506 (1957).

> In any proceeding that is judicial in nature, whether in a court or in an administrative agency, the process of decision must be governed by the basic principle of the exclusiveness of the record. 'Where a hearing is prescribed by statute, nothing must be taken into account by the administrative tribunal in arriving at its determination that has not been introduced in some manner into the record of the hearing.' *Benjamin, Administrative Adjudication in New York,* 207 (1942). Unless this principle is observed, the right to a hearing itself becomes meaningless. Of what real worth is the right to present evidence and to argue its significance at a formal hearing, if the one who decides the case may stray at will from the record in reaching his decision? Or consult another's findings of fact, or conclusions of law, or recommendations or even hold conferences with him?
> [*Mazza v. Cavicchia,* 15 *N.J.* 498, 514 (1954)].

■ Here, the Commission supplemented the record with Parlow's employee service record, a document clearly relevant to a determination of the appropriateness of the penalty. *See N.J. S.A.* 11:15–5. However, since it was not admitted into evidence at the administrative hearing, the parties were not afforded an "opportunity to test its trustworthiness in the normal manner, and refute it if desired." *Brotherhood of R.R. Trainmen,* 47 *N.J.* at 487 (citation omitted). We therefore conclude that the Commission erred in considering Parlow's employee service record. Hence, the final decision of the Commission is reversed and remanded for further proceedings and reconsideration wherein the parties shall be afforded an opportunity to present testimony or documentary proof in support or rebuttal thereof either directly before the Commission or before the ALJ.

Appellant further contends that the Commission's final decision was based upon an incomplete record. We have carefully reviewed the record and considered the arguments and applicable principles of law related thereto. We conclude that this issue of law is clearly without merit and that an opinion in connection therewith would have no precedential value. *R.* 2:11–3(e)(1)(E).

Township additionally contends that the Civil Service Commission's decision reducing Parlow's penalty for insubordination

from removal to reprimand was arbitrary, capricious and unreasonable and not supported by the record. Putting to one side appellant's repetitious argument that the Commission's decision was arbitrary, capricious and unreasonable because it considered a document (Parlow's employee service record), which was not part of the administrative record—an argument with which we have already dealt—we turn to the Township's second argument that a number of findings by the Commission were not supported by substantial credible evidence in the record, which allegedly warrants reversal and reinstatement of the determination of the ALJ in its entirety. We disagree. Our careful review of the record demonstrates the opposite. *See R.* 2:11–3(e)(1)(D).

We finally conclude that the remaining two arguments of appellant that the Commission failed to accord due consideration to the ALJ's "opportunity to evaluate the credibility, attitude and demeanor of the witness" and that it failed to take community sentiment into account in evaluating the penalty are clearly without merit and an opinion with regard thereto would have no precedential value. *R.* 2:11–3(e)(1)(E).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.