Robert G. Main, J.
The Glens Falls Foundation is a charitable organization owning property at 348 Glen Street on the southwest corner of Bacon and Glen Streets in the City of Glens Falls, New York. On the northwest corner of Bacon and Glen Streets is the property of Carl J. Kreiser. Texaco, Inc., acquired and has exercised an option to purchase this parcel of land belonging to Mr. Kreiser. Texaco, Inc., is the owner of a parcel of property located at the intersection of Glen Street and Sherman Avenue in the City of Glens Falls. This property is immediately adjacent to the land owned by Mr. Kreiser. All of these properties are in what is referred to as a C-2 or Central Business District.
The zoning ordinance of the 'City of Glens Falls, as amended by the Common Council of that city, December 5, 1951, provides, in part, as follows:
“ Article V- — Use Regulations for Business Districts Section 2. C-2 Districts (Central Business)
In a C-2 District no building or premises shall be used and no building shall be erected or altered which is arranged, intended, or designed to be used, except for one or more of the following uses:
(b) Any use permitted in a C-l District.
Section 1. C-l Districts (Limited Business)
In a C-l District, no building or premises shall be used and no building shall be erected or altered which is arranged, intended, or designed to be used except for one or more of the following uses:
(c) Public automobile filling station, subject to the special provisions of Section 2 of Article X, if approved by the Board of Appeals as provided in Section 4 of Article XII of this Ordinance.
Article X — Special Regulations for Garages, Public Automobile Filling Stations, and 'Commercial Automobile Parking Lots.
*313 Section 2 — Location of Public Garages or Automobile Filling Stations and Commercial Automobile Parking Lots. A public garage, public automobile filling station, or commercial automobile parking lot or a used car lot shall be subject to the following special provisions in regard to its location:
(b) No public garage, public automobile filling station, commercial automobile parking lot or a used car lot shall have an entrance or exit connected with a public street at a point closer than fifty (50) feet of any Residence District, or Two Hundred (200) feet of any church, public library or charitable institution or any entrance or exit of a public school, hospital, or any duly organized school giving regular instruction at least five days a week for eight or more months a year.
Article XII — Board of Appeals.
Section 4 — Original Jurisdiction. The Board of Appeals may in a specific case after public notice and hearing and subject to appropriate conditions and safeguards to be prescribed by said Board determine and vary the regulations herein established in harmony with their general purpose and intent as follows:
(a) Grant special permits as provided in the preceding sections of this Ordinance as follows:
6. Permit in a C-l or C-2 District a public automobile filling station, subject to the special provisions of Article X.
(b) Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this Ordinance, the Board of Appeals shall have the power in passing upon appeals, after a public hearing, to vary or modify the application of any of the provisions of this Ordinance, relating to the use, construction, structural changes in the equipment or alteration of buildings or .structures or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare guarded and substantial justice done.”
By petition dated June 28,1967, Texaco applied to the Zoning Board of Appeals of the City of Glens Falls for a special permit and a variance to erect a gasoline station extending over the parcel owned by Texaco and the one owned by Mr. Kreiser. An existing Texaco gasoline station already in the area between *314 Bacon Street and Sherman Avenue would be demolished, and there would be the demolition of a structure presently on the parcel belonging to Mr. Kreiser.
The application for a special permit was made necessary because a planned entrance to the station on the Kreiser parcel would be placed within 200 feet of a building owned by the Bed Cross and operated as an office, and the building owned by the petitioner and operated as a museum.
After a public hearing, the Zoning Board of Appeals granted Texaco a permit to construct a public automobile tilling station on the subject premises.
The petitioner has asked for a determination that the decision of the Board of Appeals be annulled, proceeding under article 78 of the CPLB, alleging that the decision was erroneous, arbitrary, capricious and illegal, and constituted an abuse of discretion.
The first issue to be decided is whether the Supreme Court at Special Term has jurisdiction over the subject matter. CPLB 7804 (subd. [g]) provides that: “ Where an issue specified in question four of section 7803 [whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law, is, on the entire record, supported by substantial evidence] is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced; the court may, however, itself pass on objections in point of law.”
The General City Law provides, however (§ 82, subd. 1) that: “ Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the city, may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be governed by the provisions of article seventy-eight of the civil practice law and rules, except that * * * (c) the court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination under the provisions of section seventy-eight hundred three of said article. ’ ’
It is, therefore, evident that this court has subject matter jurisdiction over all questions raised in an article 78 proceeding brought to review the decision of a Zoning Board of Appeals.
*315 The petitioner has alleged that the decision of the Board of Appeals was erroneous, arbitrary, capricious and illegal and constituted an abuse of discretion, citing as a reason that the Board of Appeals had no authority under the subject ordinance, referring specifically to article X, section 2, subdivision B which provides that no entrance to a filling station can be at a point closer than 200 feet to a charitable institution. Section ,3(b) of article XII provides, however, that when there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, the board may vary or modify the application of any of the provisions.
The petitioner preliminarily argues that findings of fact are a necessary prerequisite to a review of the determination of a Zoning Board of Appeals and that there are no such findings here. With this the court disagrees as it is of the opinion that the necessary findings of facts were set forth in the record, namely; that the Kreiser building was “ a sight ” in its present condition; that the city might have to take over the building and would be burdened by it; and that the area would be improved by the erection of the new building. The board also impliedly recognized the poor financial situation of Mr. Kreiser. These findings are supported by evidence in the record. There is evidence that the existing Texaco station is outmoded and not particularly attractive. Pictures of the building were shown to the board and it was explained that due to the space problem, it would be difficult to erect a new building on the present site. The building to replace the present one is to be a colonial brick structure. Texaco has also agreed to landscape behind on the property adjoining the Bed Cross building and to let Bed 'Cross employees and those seeking service there to park behind the service station. There was testimony as to the condition of the Kreiser property, and it was not disputed that it is presently in poor shape. There was also testimony as to Mr. Kreiser’s financial condition to support the board’s finding that the city might be burdened with property in the future.
The petitioners allege that there are several irregularities concerning the record of the hearing that was held by the Zoning Board of Appeals. One alleged irregularity is that there are two different records. Prom an examination of the records, it appears as if one is a full transcript of the minutes and the other is a “re-cap ” of what took place. The court finds no irregularity here. It is also alleged that there were several adjournments and that these are not recorded on the record. The court finds that the decision of the Zoning Board *316 is founded on the formal hearing of which there is a record. It is alleged that the verbatim record and the official transcript indicate that the chairman of the Zoning Board did not vote although his name appears in the resolution as approving the granting of the variance. The court is of the opinion that this is not such an irregulartiy as to void the decision of the board. As to the record, it is alleged that the Zoning Board prejudged the application. The court feels that based on the record, this contention is without merit.
The settled rule is that in reviewing the actions of board of zoning appeals as to ‘ ‘ variances or special exceptions the courts do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion”. (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20, 24, and cases cited therein.) In so deciding, it is necessary to set up a standard against which the board’s decision can be compared. The standard will be different depending on whether a use variance has been granted or whether an area variance has been granted. The Court of Appeals in Matter of Hoffman v. Harris (17 N Y 2d 138, 144) explained this well. 1 ‘ An applicant for an area variance need not establish special hardship. It is sufficient to show practical difficulties or unnecessary hardship. Whereas some cases have" required a petitioner for a use variance to show that a particular property suffers a singular disadvantage or special hardship through the operation of a zoning regulation, that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood. (Matter of Hickox v. Griffin, 298 N. Y. 365; Matter of Otto v. Steinhilber, 282 N. Y. 71), this ‘ special hardship ’ rule has been limited to use variances and such proof is not a necessary condition to the granting of an area variance. ‘ A change of area may be granted on the ground of practical difficulties alone, without considering whether or not there is an unnecessary hardship.’ (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, 238, affd. 1 N Y 2d 839.) ”
In the case at hand, this court is of the opinion that an area variance was granted, and that a showing of special hardship was not necessary. In C-2 areas, gasoline stations are permitted (art. V, § 2[h]), but article X, section 2 (b) imposes a restriction that an entrance or exit to a gasoline station cannot be closer than 200 feet from any church, charitable institution, etc. This sort of restriction can only be classified as an area restriction, since the use of gasoline stations in C-2 areas is expressly permitted. In view of this result the court in passing *317 only makes mention that the Zoning Board of the City of Glens Falls sets up a standard which allows the varying of the provisions of the ordinance. Upon a showing of practical difficulties or unnecessary hardship the Board of Appeals can alter or modify the provisions of the ordinance.
This court may not substitute its judgment for that of the Zoning Board of Appeals and set aside the determination unless it appears that the board’s action was arbitrary, capricious, constituted an abuse of discretion, or was not based on substantial evidence. In this case where a showing of practical difficulties or unnecessary hardship will give the board the power to vary the ordinance, this court is of the opinion that the board was justified in finding that such showings were made. The record indicates that as to intervenor-respondent Carl J. Kreiser there was a showing of practical difficulty and unnecessary hardship. It appears that Mr. Kreiser would have little chance to sell his property to anyone else for the consideration he would be receiving from Texaco, Inc. It also appears that Mr. Kreiser’s property is now unproductive and a wasting asset. In the recently decided case of Matter of Fulling v. Palumbo (21 N Y 2d 30) the appellants were the contract vendors and vendees of a lot in Bronxville. The contract vendees agreed to purchase the lot contingent upon the issuance of an area variance and a building permit.
The Zoning’ Board denied the petitioners’ application for a variance on the ground that they failed to demonstrate any “ inequity ”, “ practical difficulty ”, or “hardship ” which could justify'exemption from the intent of the zoning ordinance.
The facts revealed that the contract-vendor had paid $5,000 for his property, could sell it to his neighbors for $11,000, but ' could obtain double the $11,000 from the contract-vendee, if the variance was granted.
Judge Keating,
writing for the Court of Appeals, cited a number of out-of-State and lower New York court cases, and indicated that the basic rule that has evolved from these cases is that: where the property owner will suffer significant economic injury by the application of an area standard ordinance, that standard can be justified only by a showing that the public health, safety and welfare will be served by upholding the application of the standard and denying the variance. (Matter of Fulling v. Palumbo, supra.)
Continuing, Judge Keating said that in that case, the record was completely barren of any justification for the denial of the variance other than the fact that the petitioners had failed.to *318 demonstrate sufficient hardship, and that the ordinance was not so severe in its operation as to be confiscatory.
The rule laid down by Judge Keating was that until a showing is made that the public health, safety and welfare will be served by application of the zoning restriction, the fact that the property owner will suffer a severe financial loss by the operation of the ordinance should be sufficient to entitle him to relief. (Matter of Fulling v. Palumbo, supra.)
In the case at bar, not only is there the consideration of Mr. Kreiser’s plight, but the record shows that the Bed Cross would be benefited by increased parking space, the City of Grlens Falls would be benefited by the elimination of an “ eye sore ’ ’, that Texaco, Inc., also faced practical difficulty in its expansion program and that there would be no change in the character of the immediate area by the granting of the variance.
For these reasons, this court holds that the granting of the area variance by the Zoning Board of the City of Grlens Falls was not arbitrary or capricious, did not constitute an abuse of discretion, and was based on substantial evidence.
There is no evidence that the granting of the variance deprives the petitioner and other property owners of the City of Grlens Falls of the protection which said zoning ordinance affords them against unsightly signs, noise, etc. There is also no evidence that the granting of the variance deprives the petitioner and other property owners of the City of Grlens Falls the equal protection of the laws guaranteed to them by the Constitution of the United States and the Constitution of the State of New York. Nor is there evidence that the granting of the variance tends to depreciate the value of the real property of the petitioner or to destroy the advantages the petitioner enjoys from this afore-mentioned property.
Therefore, it is the opinion of this court that the relief requested should be and is hereby denied.